JOHN W. SHUMWAY and JOSEPH HUNT, executors, &c., *v.* ISAAC G. SHUMWAY.

(GENERAL TERM, SEVENTH DISTRICT, SEPTEMBER, 1869.)

The power of this court to grant new trials under § 37, 2 R. S., 309, is confined to actions of the same character as the former action of eject- ment.

APPEAL from an order at Special Term.

The action was brought to set aside a deed executed by the plaintiffs' testator, in his lifetime, and delivered to the defendant, on the ground that the same was procured by the defendant by fraud, and undue influence.

The plaintiffs obtained judgment that the deed was void, as prayed for in the complaint. The defendant moved at Special Term to have the judgment vacated and a new trial granted, as matter of right, as in an action of ejectment under the Revised Statutes. The motion was denied, and the defend- ant appealed to the General Term.

*Geo. F. Danforth,* for the defendant.

*E. G. Lapham,* for the plaintiffs.

Present—E. D. SMITH, DWIGHT and JOHNSON, JJ.

By the Court—JOHNSON, J.    This court has no power to set aside a judgment arbitrarily, and grant a new trial in a case where no error has been committed, and no review is had, except in cases where such authority is conferred by statute

This power is given in actions of ejectment only. (2 R. S., 309, § 37.) It is held that this power may still be exercised by this court, in actions of the same nature, brought since the adoption of the Code.

Strictly, the action of ejectment has now no existence. But the same kind of action is now prosecuted under the name of an "action for the recovery of real property, or for the recovery of the possession thereof."

In actions of this character, this court may still set aside a judgment and grant a new trial, without any review, or allegation of error, at the instance of the party against whom a judgment has been rendered, if the application is properly made within the prescribed time.   The defeated party is entitled to the order, in such cases, as matter of right.   But the right of the party, and the power of the court is confined to cases of that character.   And while the Code has not abolished either the right or the power in that class of cases, it certainly has not extended it to other cases, in regard to which it did not exist, under the Revised Statutes.

The action here was not an action of ejectment, or in the nature of such an action.   The action in this case, was brought by the executors of Isaac Shumway, deceased, to set aside a deed, which as they alleged, had been obtained by fraud and undue influence by the defendant, from the testator.

The testator, by his will, had ordered his real estate to be sold and converted into money, and given the power to sell and convey the same to his executors.   The object of the action was to have the deed declared void, so that the power of sale, under the will, might be exercised by the plaintiffs, for the benefit of the estate.

It is in no respect of kin to the old action of ejectment. It is an action which was very familiar to the profession and to the courts, long before the Code, and at the time the Code

was adopted, no court had any power to set aside a judgment or decree rendered in it, upon the mere request of a party. As before remarked, the Code has not had the effect to extend this power to actions, other than those in the nature of the former action of ejectment. The order appealed from, was therefore right, and must be affirmed with costs of appeal.

Order affirmed.