JOHN W. SHUMWAY and JOSEPH HUNT, Executors, &c., of ISAAC SHUMWAY, deceased, Respondents, v. ISAAC G. SHUMWAY, impleaded, &c., Appellant.

The provisions of the Revised Statutes giving a new trial, on payment of costs and damages, in actions of ejectment (2 R. S., p. 309, § 37) have not been extended by amendment, or by the Code of Procedure, so as to include any other than strictly legal, possessory actions in the nature of ejectment.

(Argued January, 1870; decided March 18, 1870.)

THIS is an appeal from an order of the General Term of the seventh district, affirming an order made at Special Term, denying the defendant's motion for a new trial. The plaintiffs are the executors named in the last will and testament of Isaac Shumway, deceased. The will contained an express power to the executors to sell the testator's real estate. The action was commenced to set aside a deed from the testator to the defendant, of part of said real estate, on the ground of want of capacity to convey, and that the deed was obtained by fraud and undue influence. Issues were framed for the trial of these questions before a jury. The trial took place at the Ontario circuit, in February, 1867. The jury found in favor of the plaintiffs. A motion for a new trial was made,

upon the judge's minutes and affidavits of newly discovered evidence, which was denied. Upon the findings of the jury and a further hearing, the court ordered judgment in favor of the plaintiffs, that the defendant's deed be annulled; that the title to the premises was in the heirs-at-law of Isaac Shumway, and that the *plaintiffs were entitled to the possession.* From this judgment, and the order denying a new trial, the defendant appealed to the General Term. The order and judgment were affirmed by the latter court. He then made a new application at Special Term, upon all the papers in the case, for an order vacating the judgment, and for a new trial, on terms, on the ground that the action determines the title to real estate, and " by the course pursued by the plaintiffs in bringing an action in equity, instead of one at law, the defendant is deprived of a new trial, to which, as matter of course, he would have been entitled under the provisions of the Revised Statutes."

This motion was denied at Special Term. The defendant appealed from the order to the General Term, where the order was affirmed, and from the order of affirmance the present appeal has been taken.

*George F. Danforth* (*Samuel Hand* with him), for the appellant, insisted that as the subject-matter of the action was real property, and the judgment settled the title, he was entitled, as of course, to a new trial, citing *Philips* v. *Gorham* (17 N. Y., 270); *Sheehan* v. *Hamilton* (2 Keyes, 304); *Cythe* v. *La Fountain* (51 Barb., 186); Code, § 455; *Holmes* v. *Davis* (21 Barb., 273); *Lanke* v. *Ropke* (1 Duer, 701); *Chautauqua County Bank* v. *White* (23 N. Y., 348, 9); *Cooke* v. *Passage* (4 How., 360); *Crary* v. *Goodman* (12 N. Y., 268).

*E. G. Lapham,* for the respondent.

FOSTER, J. Previous to the adoption of the Code, the thirty-seventh section of " Title one. Of the action of eject

ment" (2 R. S., 309) was applied only to actions of ejectment, as the position of the section, and its language, clearly import was its design. It was never applied to equitable actions, though they might, and frequently did determine, not only the possession, but the whole title to the premises in controversy.

Neither was it ever applied to the action of trespass *quare clausum fregit,* which was strictly legal in its character, and by means of which the whole legal title, including the right of possession, was involved. And it was not very uncommon for a party, claiming the title to land and the right of possession, and who desired to avoid the delays consequent upon the statutory right to new trials in an action of ejectment, to bring his action in trespass, and so establish his right upon a single trial, and recover his damages for the trespass; and when judgment was perfected, if the defendant did not yield the possession, to bring his action of ejectment; on the trial of which, the record of judgment in the action of trespass would be conclusive evidence of his right, and render hopeless any attempt to obtain a new trial.

The Code has given jurisdiction in law and equity to the same courts. It has authorized the uniting of legal and equitable claims and rights in the same action, where they arise out of the same transaction, as provided in section 167; and it has authorized equitable defences to be interposed to actions at law, according to section 150. But under it the section before referred to has been allowed to operate only in cases where the legal right to the possession was involved; where the action was in all respects similar to the former action of ejectment.

The Code has also allowed, in almost all kinds of actions, that a trial may be had, by consent of the parties, before a referee or the court alone, without the intervention of a jury; and this includes legal, possessory actions, strictly in the nature of ejectment. And it is because of this, and not for the purpose of extending the section in question to other than

actions of ejectment, that it has been so amended as to apply to trials before a referee, or before the court.

I have no doubt that the section, as amended, still applies only to legal actions in the nature of ejectment.

That the Special Term properly denied the application for the statutory right to a new trial, and that the subsequent order made to set aside the judgment, and for a new trial, was not only discretionary, but was properly denied by the Special Term, and that the judgment of the General Term affirming that order should be affirmed.

HUNT, J., also read an opinion for affirmance, on substantially the same grounds.

All concur except SMITH, J., who does not sit.

Order affirmed.