ABRAHAM HEWLETT, Appellant, *v.* SAMUEL WOOD et al., Respondents.

An action for partition is an equitable action; but as the provisions of the Revised Statutes are by the Code (§ 448) made applicable to such actions, where issues of fact are presented by the pleadings, a jury trial is a matter of right.

In an action for partition brought by an heir under the provisions of the act of 1853 (chap. 238, Laws of 1853) relative to disputed wills, the Supreme Court at Special Term has authority to direct issues of fact to be settled and that the verdict of the jury thereon be certified to the Special Term for further proceedings.

It is within the discretion of the court whether the case shall be so disposed of or shall be placed upon the Circuit calendar for the court to submit to the jury such questions of fact as are presented by the pleadings, and the exercise of this discretion is not reviewable here.

So, also, the form of the issues is discretionary, and the order of the court settling the issues is not reviewable.

If the issues settled are imperfect or insufficient, the court, on trial at the Circuit has, in its discretion, the right to amend and to submit such additional issues as the proof warrants.

(Argued April 20, 1875; decided May 25, 1875.)

APPEALS from two orders of the General Term of the Supreme Court in the first judicial department, affirming orders of Special Term ; the one directing that issues be settled herein to be tried by a jury at Circuit and that the verdict of the jury be certified to the Special Term for further proceedings ; the other an order settling the issues upon questions proposed by both parties. (Reported below, 3 Hun, 736.)

This was an action for partition brought by an heir under chapter 238, Laws of 1853, he claiming a devise of the property void. The facts appear sufficiently in the opinion.

*L. S. Chatfield* and *E. T. Schenck* for the appellant. The cause should have been stricken from the calendar of the equity court upon plaintiff's motion. (2 Abb., 6, 13; 4 How., 125.) In a partition suit the verdict of the jury is conclusive and cannot be disregarded. (*Clapp* v. *Broma-*

*gham*, 9 Cow., 530, 576, 577.) Plaintiff was entitled to a jury trial as a matter of right. (*Clapp* v. *Bromagham*, 9 Cow., 530; *Hewlett* v. *Wood*, 3 N. Y. S. C., 453; *Burhans* v. *Burhans*, 2 Barb. Ch., 398.)

*Abram Wakeman* for the respondents. This action had the incidents and results of an ordinary action of partition. (*Hewlett* v. *Wood*, 55 N. Y., 635.) An action in partition is an equitable one. (Story's Eq. Jur. [11th ed.], § 646; 2 V. S. Eq. Pr., 26; Willard's Eq. Jur., 699; *Jenkins* v. *Van Schack*, 3 Paige, 242; 2 Barb. Ch. Pr., 284; 2 Crary's S. Proc., tit. "Partition.") All powers conferred upon the old Supreme and Chancery Courts by the Revised Statutes, in proceedings for the partition of lands, are now concentrated in the Supreme Court. (3 R. S., 316, tit. 3; *Onderdonk* v. *Mott*, 34 Barb., 106.)

MILLER, J. The first of the appeals in this case presents the question, whether in an action for a partition the issues made by the pleadings shall be tried at the Circuit and the whole controversy disposed of, the same as in ordinary cases, or the Special Term has authority to direct issues to be made up according to the practice in equity cases.

At common law partition could be made by the consent of all the owners, but could not be compelled by one co-tenant, against the will of the others, except in the case of co-parceners. In England the subject is regulated by statute, and the Revised Statutes of this State have provided a convenient mode of making partition among joint tenants, and tenants in common, by petition to the Supreme Court or the County Court, or the Mayor's Court of cities in which the lands are located. (2 R. S., 317, § 1.) A court of equity had jurisdiction prior to the Revised Statutes, and independent of statute regulations, which gave the Court of Chancery the same power, upon bill filed in that court, to decree partition and sales of land, as was given to the common-law courts. (2 R. S., 329, § 79; *Larkin* v. *Mann*, 2 Paige, 27.) The proceedings under the

Revised Statutes in the law courts was by petition, but the Code repealed the statutory proceedings by petition, and substituted an action in their place. ( *Croghan* v. *Livingston*, 17 N. Y., 225.) Section 448 of the Code enacts that the provisions of the Revised Statutes shall apply to actions for such partition, so far as the same can be so applied to the substance and subject-matter of the action, without regard to its form. The action under the Code for a partition of lands must be regarded as an equitable action, and I think does not belong to the class of actions which are recognized solely as actions at law. It is not, within section 253 of the Code, an action for the recovery of specific real property alone, because some other questions are involved besides the mere question of title, and after that question is determined, commissioners are to be appointed to make a partition, or a sale made, and the rights of the parties settled, and the proceeds divided according to their equitable rights and interests, in uniformity with the practice in cases of this character, which belongs exclusively for the court to determine.

The provisions of the Revised Statutes in regard to partition evidently had in view a submission to a jury of all questions of dispute as to the legal title, and several sections provide for the making up and trial of issues by a jury. (2 Revised Statutes, 320, sections 18, 19 and 21.) Section 23 (page 321), declares that the court shall ascertain by proofs in case of default, or from confession by plea of the parties who appeared, or from the verdict of a jury by which any issue of fact shall be tried, and declare the rights, title and interest of the parties, etc., and shall determine the same and give judgment according to such rights. The Court of Chancery exercised the same jurisdiction as was given to the common-law courts by the Revised Statutes. (2 R. S., 329, §§ 79, 80 ; 330, § 81.) The word "may" as used in sections 18 and 80 (*supra*), in connection with other provisions, was evidently intended to read as "shall," and the right of trial by jury in the case referred to was not a matter of discretion, but conferred absolutely, although

under the direction of the court which was authorized to decide the whole case, after the issues made up had been disposed of by a jury. In conformity with this construction of the statutes in question, it is a common practice in some of the judicial districts of the State to place partition as well as all equity cases on the Circuit Court calendar, and when called for trial, for the judge to submit to the jury such questions of fact as may be presented for trial by the pleadings making up the issues at the time when the trial is had.

The trial by jury in cases of partition is, I think, a right which should be allowed as a matter of course when demanded, and whether it is granted at the Circuit, upon issues made up at the time of trial, or by issues settled by the court, cannot, I think, make any difference. And where a Special Term is held for the trial of equity cases, where no jury is in attendance, there is no objection to an order that issues be made up and settled, to try the questions in dispute,

Under the act of 1853 (Session Laws, 526), an action of partition can be maintained to determine the validity of any devise or will of real estate notwithstanding an adverse possession. The action is in the nature somewhat of an ejectment; but issues of fact are to be made up and tried by a jury, and when the legal title is established, a partition or a sale may be granted upon application to the court, as the relief demanded after the main subject of the controversy has been determined by a jury.

The fact that the purpose of a feigned issue from the Court of Chancery generally was to inform the conscience of the court upon questions of fact, sent to be tried by a jury, does not, I think, affect the right of a trial by jury in partition cases, which as we have seen, is especially provided for by statute, which is not the case in other equity cases. In partition cases the verdict of a jury stands upon the same footing, the proceedings on a trial are liable to the same rules, and subject to the same exceptions, as in other actions, and will only be reversed for legal errors. (*Clapp* v. *Bromagham*, 9 Cow., 530, 576, 577.)

It follows that the court at Special Term had jurisdiction to take such action as was required to dispose of the issues presented, and as there were issues of fact to be tried by a jury to direct a settlement of the same, or that it be placed on the Circuit Court calendar for the judge to direct what issues should be submitted to the jury for their determination.

As to the second appeal it may perhaps be doubted, whether the second issue made by the judge, as to the competency of the deceased to make a will and devise of real estate, sufficiently covers the question as to the testator's competency.

The true question was, whether he was competent to make the will in question. This issue was made as to the codicil, and there appears to be no good reason why it should not be allowed as to the will. (*Delafield* v. *Parish,* 25 N. Y., 9; *Forman* v. *Smith,* 7 Lans., 443, 446, 447.) But even although the issues made were not such as were required, no injustice could be done to the plaintiff thereby, for the judge on the trial at the Circuit would have an undoubted right to amend the question, or to submit such additional issues to the jury as the proof warranted. It would be a matter in his discretion, and in this respect he would have the same power as the judge at Special Term. (*F. and M. Bank of Genesee* v. *Joslyn,* 37 N. Y., 353, 355.) The counsel also at the trial could, by requests to charge, ask that the question be submitted to the jury. As both of the orders were to some extent discretionary we think they were not appealable.

The result is that the appeals should be dismissed, and as the questions presented are somewhat novel neither party should recover costs as against the other.

All concur.

Appeals dismissed.