HERBERT WARD, AN INFANT, ETC., APPELLANT, *v.* CAROLINE WARD, RESPONDENT, IMPLEADED, ETC.

*Partition — when an heir-at-law may maintain an action for partition against a devisee —1853, chap. 238.*

Under chapter 238 of 1853 an heir-at-law may maintain an action for the partition of lands, whereof the deceased died seized, and to procure a judgment declaring invalid and void a devise contained in his will, under and by virtue of which his widow is then in the possession and occupation of the lands, claiming title thereto.

The act cannot be held unconstitutional on the ground that it allows the question of title to be tried in an action for partition, as a party thereto may, if he so desire, have the issues arising therein settled and tried by a jury on making a timely demand therefor.

APPEAL by the plaintiff from a judgment entered upon a decision made at the Steuben county Special Term dismissing the complaint of the plaintiff with costs.

The dismissal was based upon the supposed want of jurisdiction in the court to determine the questions presented by the complaint and by the offers and concessions made at the trial. Menzo Ward died April 18, 1874, seized in fee simple of the lands described in the complaint. He left him surviving his widow Caroline Ward (a defendant) and Herbert Ward, Mary H. Ward and Mina Ward, his children and only heirs-at-law.

Before his death he made and published his last will and testa-

ment, which is set out in the complaint, and after his death it was duly and properly admitted to probate, and it remains of record in the surrogate's office of Steuben county.

The will provides as follows : " First. After all my lawful debts are paid and discharged, I give and bequeath to my son Herbert Ward $900 ; to my daughter Mary Helena 400, and, finally, to my wife Caroline Ward, after my funeral expenses are paid, the residue, which is to cover the claims of another heir which may be born after my death, she now being *enciente*, said claim for said heir, if it proves to live and be mine, shall have twenty-five dollars, she the remainder in lieu of dower."

It is averred that his personal assets were found " to pay $174, and no more," of the legacy of $900 given in the will to Herbert Ward, and that the legacy of $900 has not, nor any part thereof beyond said $174, been paid.

It is averred that the widow Caroline is in possession of the premises described, and has been since the death of her said husband Menzo Ward, " claiming to hold said premises under and by virtue of the apparent devise aforesaid, and by no other claim." " That said apparent devise is void." " That said devise, so far as real estate is concerned, is void for uncertainty, and that said will contains no sufficient words of conveyance to pass the title to said premises to said Caroline Ward."

That the other parties are tenants in common in said property, each seized in fee simple of one undivided third part thereof, subject to the right of dower of said Caroline, the widow.

*Hakes & Stephens*, for the appellant.

*William Rumsey*, for the respondent.

HARDIN, J. :

I think chapter 238 of the Laws of 1853 authorizes this action of partition. The fact that the widow of the testator is in possession of the lands, claiming to own them under an apparent devise, does not deprive the court of jurisdiction. (See MS. opinion in *Wager* v. *Wager*,* decided at this term, opinion by HARDIN, J.) This position is so fully considered and asserted in the authorities

_____

* See *post*, p. 439.

that we ought to consider it settled. (*Hewlett* v. *Wood*, 62 N. Y., 78, opinion of MILLER, J.; and S. C., 1 Hun, 478, opinion of TALCOTT, J.; *Jennings* v. *Conboy*, 10 id., 77; *Patterson* v. *McCunn*, 46 How. Pr., 182; *Hall* v. *Hall*, 13 Hun, 306; *Marvin* v. *Marvin*, 11 Abb. [N. S.], 104, opinion of GROVER, J.; *Voessing* v. *Voessing*, 12 Hun, 678.)

There is no force in the suggestion that the act of 1853 is unconstitutional, because it allows the title to be determined in such an action of partition. (*Shumway* v. *Shumway*, 1 Lans., 474; S. C., 42 N. Y., 143.) If the party desires a trial of issues arising in such an action by a jury, he is entitled thereto by making a timely demand therefor. The Special Term is required to yield to such a demand in a proper case, and send the issues to the Circuit for determination by a jury, and may require the verdict to be certified back to the Special Term, where further relief may be given as the case may require. (Cases, *supra*, 3 R. S. [5th ed.], 607, § 23.)

In the case here the defendant, by going to a trial in the Special Term, waived her right to demand a jury trial, and cannot now complain that the former, in which she consented to have her case tried, had no jury.

The Special Term erred in dismissing the plaintiff's complaint for want of jurisdiction in the court to determine the questions sought to be litigated. It seems the invalidity of the will was sufficiently averred, as the defendant went down to trial without questioning the sufficiency of the allegation. (*Hewlett* v. *Wood*, 1 Hun, 479.)

This case, when tried upon the merits, will present nice questions in regard to the construction to be given to the will. First. As to whether the defendant Caroline takes the fee to the real estate under the will, and if that be so, second, whether the money legacies are charged by the will upon the real estate. (*Rafferty* v. *Clark*, 1 Brad., 473; *Shulters* v. *Johnson*, 38 Barb., 81; *Babcock* v. *Stoddard*, 3 N. Y. Sup. Ct. [T. & C.], 207; *Kinnier* v. *Rogers*, 42 N. Y., 531; *Myers* v. *Eddy*, 47 Barb., 263; *Archer* v. *Deneale*, 1 Peters, 585; *Taylor* v. *Dodd*, 58 N. Y., 335; 2 R. S., 57, § 5, as to construction of wills.)

But as these questions were not discussed and passed upon at the Special Term, we express no opinion thereon.

They may be affected by evidence which may be given upon the trial to aid in the ascertainment of the intention of the testator.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

TALCOTT, P. J., concurs; RUMSEY, J., not sitting.

Judgment reversed and a new trial ordered, with costs to abide the event.