CHARLES WAGER and others, Appellants, v. ELIZA H. WAGER and others, Respondents.

*Partition — when an heir-at-law may bring an action for partition against the widow claiming under the will of the testator — as to recovery of possession of the land in such action — Laws of 1853, chap. 238.*

When a widow is in possession of lands, whereof her husband died seized, claiming to be entitled thereto by virtue of a devise thereof to her contained in his last will and testament, one of his heirs-at-law may maintain an action against her and his co-heirs, under chapter 238 of 1853, to procure a judgment declaring the alleged devise to be invalid, and directing a partition to be made of the said lands.

*Quære*, as to whether in such a case the widow could be required by the judgment to surrender possession of the premises, or whether the parties entitled thereto would be left to bring another action for their recovery.

Appeal from a judgment dismissing the plaintiffs' complaint, entered upon a decision made at the Livingston Special Term.

This action was brought to partition the lands whereof William Wager died seized. The plaintiffs are the brother and sister of the deceased. The defendant Eliza H. Wager is the widow of the deceased, and the other defendants are the nephews and nieces of the deceased. The deceased left a last will and testament, which has been duly admitted to probate. The premises consist of a house and lot, whereof the deceased was possessed, and which his widow has continued to reside in and occupy under a claim of right, in virtue of a devise to her contained in her husband's will.

The plaintiffs allege and insist that the apparent devise under which the widow claims the premises is void, and that they and the defendants (other than the widow) are seized as tenants in common of the premises, and they seek a partition thereof. The Special Term dismissed the plaintiffs' complaint upon the ground that the possession of the widow was a bar to this action, without finding whether the plaintiffs and the defendants (other than the widow) were entitled to said premises, and without finding whether the widow had accepted the money legacy in lieu of dower.

The widow alone appeared and answered, and upon her motion the complaint as to her was dismissed. The action was tried before

section 1537 of the Code of Civil Procedure, adopted in 1880, became a law.

*J. & Q. Van Voorhis,* for the appellants. The action is authorized by chapter 238, Laws of 1853 (4 Edm. Stat., 503). The pleadings present just such a case as the statute contemplates. (*Hall* v. *Hall,* 13 Hun, 306, directly in point; *Patterson* v. *McCunn,* 46 How., 182–190; *Jennings* v. *Conroy,* 10 Hun, 77 ; *Hewlett* v. *Wood,* 62 N. Y., 78, affirms 1 Hun, 479 ; *Voessing et al.* v. *Voessing et al.,* 12 id., 678.) The court can and will award to the plaintiff any relief consistent with the facts stated or case made, without regard to the formal prayer of the complaint. This is authorized by an express provision of the new Code (§ 1207), as well as the old Code. (*Marquat* v. *Marquat,* 12 N. Y., 336 ; *Emery* v. *Pease,* 20 id., 62; *Jones* v. *Butler,* 20 How., 189 ; *Wright* v. *Wright,* 54 N. Y., 437–443 ; *Buess* v. *Koch,* 10 Hun, 299.)

*E. A. Nash,* for the respondents.

HARDIN, Jr.:

In accordance with our conclusion in *Ward* v. *Ward et al.,* decided at this term,[*] we must hold that the conclusion of the Special Term to dismiss the complaint was erroneous. We there held that the act of 1853, chapter 238, changes the rule which obtained prior to its passage. (*Hewlett* v. *Wood,* 62 N. Y., 78 ; S. C., 1 Hun, 478.) The first section of that act provides in general terms that the validity of any actual or alleged devise or will of real estate may be determined by the Supreme Court in a proper action for that purpose, in like manner as the validity of any deed conveying or purporting to convey lands might be determined by such court.

This confers a general power upon the court to determine the validity of "an alleged devise."

The plaintiffs here seek to have the devise in question "determined" to be invalid and ineffectual. The widow seeks to have it determined to be valid. If she succeeds upon that issue, then the action of the plaintiffs must fail. If, on the other hand, the devise is invalid and is stricken down, then the plaintiffs are seized with

_____

[*] *Ante,* p. 431.

the other parties as tenants in common, and are entitled as such to have an actual partition or sale thereof. The second section of the act of 1853 provides that "any heir or heirs claiming lands * * * by descent from an ancestor who died holding or being in possession of the same (whether such heir or heirs be in possession or not), may "prosecute for the partition thereof, notwithstanding any *apparent* devise by such ancestor, and any possession held under the same devise; *provided* that such heir or heirs shall *allege* and establish *in the same* suit, action or *proceeding* that such apparent devise is void."

That section authorizes this action : First. It is incumbent upon the plaintiffs "to allege and establish that the apparent devise is void. Second. That they are heirs of the ancestor. Third. The apparent devise (if void) and the possession held under the same devise," the statute says in effect, shall not prevent the prosecution of "a suit," action or proceeding "for partition of the lands."

The plaintiffs allege the apparent devise is void ; they were in a situation when the trial came on to be obliged to maintain that averment as a condition of their right to maintain the action. In the language of the statute it was incumbent upon them "to establish * * * that such *apparent devise* is void." The widow took issue with that averment, and asserted that the devise was not only "apparent," but that the same was not "void," to assert, in the language of the statute, "the validity of the actual or alleged devise."

If it was valid, then it was an actual devise ; if invalid, still it was an "alleged devise." These views are borne out by the opinion of MULLIN, J., in *Hewlett* v. *Wood* (62 N. Y., 78), and of TALCOTT, J., in *Hewlett* v. *Wood et al.* (1 Hun, 478); *Voessing* v. *Voessing*, (12 id., 678).

We find nothing in *Sullivan* v. *Sullivan* (66 N. Y., 37) which can be considered as authority against the views already expressed. It was held there that remaindermen and reversioners cannot institute a suit in partition, at least against others not seized of a like estate in common with them, and that the right is only given to one having actual or constructive possession of the lands sought to be partitioned. ALLEN, J., in delivering the opinion, says: "There was no tenancy in common by the plaintiff with either of the defendants, and the plaintiff did not hold, and was not in pos-

session either actual or constructively of any part of the lands sought to be partitioned. We think it too well settled by authority as well as upon principle, that a remainderman cannot, as against others not seized of a like estate in common with him, maintain the action to disturb the rule."

There was no reference to this act of 1853, nor was there anything in the case calling for its consideration. Nor do we think the position of the respondent here is aided by *Chipman et al.* v. *Montgomery et al.* (63 N. Y., 221). That was a case brought for the construction of a will and for an accounting and a settlement of the estate. It was *held* that an heir-at-law or next of kin, claiming in hostility to a will, cannot maintain an action to obtain a construction of it, and that as there was no trust, there was nothing to give the court jurisdiction to construe the will. The statute of 1853 was not referred to and had no application to any of the questions presented and decided in that case. Nor do we think the doctrine of ALLEN, J., in *Van Schuyver* v. *Mulford* (59 N. Y., 431), in point, as he expressly states that the parties had proceeded without raising the objection to the form of the remedy, and therefore the court could proceed to determine the validity of the devise.

No allusion was made to the act of 1853, and what is found in the dictum probably was stated in respect to the general rule as it was understood before the enactment of 1853. Nor can the remarks of FOLGER, J., in *Bailey* v. *Briggs* (56 N. Y., 415), aid the respondent in avoiding the effect of the act of 1853. It was held there that the jurisdiction of the court for the construction of wills is incidental to that over a trust.

The judge said the action was not brought under the act of 1853; "the will here is not disputed; all parties assert its genuineness, its proper execution, *its entire* validity, and that the premises *are devised* by it, and must be held by virtue of it." The difference in that case was as to the character and extent of the estate. The defendants had a good estate in the premises. Whatever force there is in the decision in *Debussierre* v. *Holladay et al.* (55 How., 220) as an authority, falls upon the side of the appellants as to the construction to be given to the act of 1853.

It is urged by the respondents' learned counsel that a party cannot be excluded from possession by a decree in such a case as this,

and that no case is to be found where any such relief was given. We turn to the statute for an answer to his position. The first section declares that after a determination of the validity or invalidity of the alleged devise, " any party may be enjoined from *setting up or from impeaching such devise* as justice may require." But independent of this provision, we see no difficulty in giving effect to the decree which the court may ultimately pronounce in such a case. (*Biddwell* v. *The Astor M. Ins. Co.*, 16 N. Y., 263; *N. Y. Ice Co.* v. *Ins. Co.*, 23 id., 357; *Bradley* v. *Aldrich*, 40 id., 504; *Lattin* v. *McCarty*, 41 id., 107; *Hatch* v. *Central Bank*, 78 id., 487.)

In that last cited case but one, it was held that under our system, blending law and equity, an equitable action to remove a cloud upon the plaintiff's title, *and* a claim to *recover the possession* of the premises, may be united in *the same action* and asserted in the same complaint.

Besides, the first section of the act of 1853, ch. 238, provides that the validity or invalidity of the devise may " be determined * * * in like manner as the validity of any deed conveying or purporting to convey lands might be determined by such court." Such actions have been brought to determine the validity of deeds upon the equity side of the court, and to recover possession in case the deed was stricken down and the actions have been upheld. (*Shumway* v. *Shumway*, 1 Lans., 474, opinion of JOHNSON, J. [7th dist.]; S. C. affirmed, 42 N. Y., 143, opinion by FOSTER, J.) It was also determined in that case that a party was not entitled to a second trial as a matter of course, as in action of ejectment. It may be that the only result which the court would enforce, would be such as legitimately followed from a determination that the devise was valid or invalid.

It was observed by GROVER, J., in *Marvin* v. *Marvin* (11 Abb. [N. S.], 104), that " all that he (the party) has accomplished is to remove the obstacle that the alleged devise might interpose."

He adds, however, that in a case brought under the second section of the act of 1853, when the ancestor was in possession, that " it is evident in such a case if the interest claimed by the heir is an undivided one, held in common with others, the only obstacle to a partition is the alleged devise, and that upon this being determined to be invalid, his right to apply to a court of equity for partition is

established. Hence it is that section 2 provides for a partition in this class of cases, in the same action in which the devise is adjudged invalid."

The Special Term in the case before us expressly found that the possession of the widow was under the will of the deceased. We think it erroneously found, as a conclusion of law, "that such adverse possession is a bar to this action," and thereupon dismissed the complaint. It may be that in case the invalidity of the devise be determined as claimed by the plaintiffs, and the defendant "enjoined from setting up such devise," the court might refuse to direct that the defendant surrender possession in a proper case, and leave the plaintiffs and the other tenants in common to bring another action. However that may be when the case is heard upon the merits, we need not inquire as to the effect of the judgment the plaintiff may obtain. It will be more appropriate to leave that question to be considered when it shall properly arise.

Our conclusion now is that the Special Term fell into an error in dismissing the complaint. We, therefore, reverse the judgment entered thereon for the reasons stated in *Ward* v. *Ward* (*supra*). We omit to consider the questions arising upon the will, as they were not passed upon at the Special Term.

Judgment reversed and a new trial ordered, with costs to abide the event.

TALCOTT, P. J., and RUMSEY, J., concurred.

So ordered.