## SUPREME COURT.

ABRAHAM S. CASSEDY *et al.* agt. GEORGE H. WALLACE *et al.*

*Compulsory reference — when it may be ordered — Action for partition — Code of Civil Procedure, secs.* 521, 1013, 1544, 1546, 1547, 1557, 1577.

Where, in an action for partition, there are a large number of defendants and many separate appearances, and where the case presents four distinct issues of fact, two of which affect distinct parts of the property, and the other two affect undivided shares in the whole of the remainder :

*Held,* that, though the cause can be better tried by reference than in any other way, yet, if any of the parties object to a reference, the case must go to a jury.

But, except as to the issues raised by claim of ownership of two pieces of the property, a compulsory reference may be ordered, and the action may be severed so as to try separately before a referee the issues as to the remainder of the property, the title to which is not in dispute.

*Special Term, July,* 1881.

*Cassedy & Brown,* plaintiffs' attorney.

*Attorney-General Ward,* for the people.

*B. C. Chetwood, W. F. Dunning, John B. Kerr, G. B. Taylor, George W. McAdam,* and *Marsh, Wilson & Wallis,* for individual defendants.

DONOHUE, *J.* — This action is brought to partition certain real estate, consisting of thirty-two separate pieces, situated in the city of New York, and three others, located in Orange county. There are thirty-four defendants, and thirteen separate appearances, and the cause presents four distinct issues of fact. Two of such issues affect distinct parts of the property, and the others affect undivided shares in the whole of the remainder. First. The defendants, Eliza Harrison and

Jane Wallace, claim that the property described in the complaint as No. 312 Canal street was not owned by George Harrison, deceased (the person under whom it is alleged the several parties to the action are entitled to share in the real estate) in fee, at the time of his death, but that he held the title thereof in trust for the two said defendants. All the other parties to the action dispute and deny such claim. Second. The defendant Jane C. Bolton claims to own the property described in the complaint as No. 72 Ninth avenue. Third. The defendant John Rooney claims to be the absolute owner of the share which, on the death of George Harrison, descended to Thomas Harrison. The complaint concedes that Rooney held a conveyance for such share, but alleges that the said conveyance is a mortgage in fact, and was given to secure a loan of money, and the answer of John G. Harrison, the heir-at-law of said Thomas Harrison, deceased, avers the same fact. Fourth. At the death of George Harrison, several of the defendants were aliens and residents of Ireland. Such defendants claim to inherit under chapter 261, Laws of 1874, which act amended chapter 115, Laws of 1845. Some of these defendants (at least James Wallace and George Harrison) were at the time of full age; and the statute of 1874 made it necessary for them to make and file in the office of the secretary of state the deposition or affirmation mentioned in the first section of this act (*chapter* 115 *of the Laws of* 1845). The People of the State of New York are defendants, and appear and claim these shares, and James Wallace and George Harrison claim to be entitled to inherit.

From this statement of the facts, and issues of this case, it is apparent that the cause can be better disposed of and tried by a reference than in any other way. None of the questions involved are difficult or intricate, and if expedition is desired, an intelligent and impartial referee should be selected. If, however, any of the parties object to a reference, the issues must be tried by a jury (*Code, section* 1544, *and see Throop's note, and Hurlett* agt. *Wood,* 62 *N. Y.,* 75).

Cassedy *et al.* agt. Wallace *et al.*

There is, however, no reason to be adduced why, in regard to the remainder and great bulk of the property, there should be any delay, by reason of the fact that the title to these two pieces of the property are in dispute, nor is it reasonable that the plaintiff and other parties in regard to whose rights in the remainder of such property there is no dispute, should be delayed, whilst the defendants litigate among themselves.

The action may be divided for the purpose of trying separately the two issues in regard to No. 312 Canal street and No. 72 Ninth avenue. These issues should be severed from the action and be separately disposed of. The first named property is claimed by two of the defendants, and the latter by a single defendant. This presents distinct issues made by different parties as to distinct pieces of property, and the last named defendant and the court, by its inherent power, as well as by the express provision of the Code (*section* 967), can direct such trials.

As to the remainder of the property, there should be no delay. Upon the pleadings there is no dispute as to the rights of some of the parties, the controversy being between some of the defendants. Such a controversy in no case (*Code, section* 521) need delay a plaintiff; and the Code expressly, in an action of partition (*sections* 1546, 1547), also provides for a partition among parties when rights are ascertained, "from time to time," as the same are ascertained and determined. This is done by interlocutory judgments, and final judgment is rendered only upon completion of the entire partitions (*Code, sections* 1557, 1577).

From the verbiage of section 1013 of the Code it might be somewhat doubtful whether the court has not the power to refer the whole action. It was held, however, in *Barnes* agt. *West* (16 *Hun*, 68) that, under section 1013 of the Code of Civil Procedure, as under the former practice, a compulsory reference, even in cases triable by the court, can only be rendered when the trial of an action will require the examination of a long account; and by section 1544, before referred to,

Matter of Straus & Co.

it would seem that, unless the parties otherwise agree, the issues must be tried before a jury.

Unless, then, the parties agree to a reference of the entire action, which would clearly be the shortest, least expensive and best mode of procedure, the order to be entered will provide for the severance of the action as to the two pieces of property, No. 312 Canal street and No. 72 Ninth avenue, and for a separate trial as to that issue, and a reference as to those parties as to those remaining pieces of property concerning whose title there is no dispute, and a trial of the issues made by some of the defendants among themselves.

The plaintiff's attorneys will prepare an order or interlocutory judgment in conformity with this opinion, which will be settled on notice.