Curry agt. Colgan.

## CITY COURT OF BROOKLYN.

### GRACE C. CURRY agt. SARAH COLGAN and others.

*Partition issues—Default—Code of Civil Procedure, sections* 1544, 1546, 1561, 1579—*Practice in action of partition when issues of fact are presented by the pleadings.*

In an action of partition, where issues of fact are presented by the pleadings as to part of the lands sought to be partitioned, which issues (after the plaintiff has demanded a jury trial in accordance with section 1544 of the Code) are dismissed by the defendants by default before the jury side of the court, it is error for the defendants to enter judgment dismissing the entire cause of action, including that arising from the lands admitted by the answer to be owned by the parties in common.

The proper practice after the issues are determined in such a case before the jury side, is to have the case go to special term, and after a referee's report (see Code, sections 1561 and 1546) as to liens, &c., on the lands admitted to be held in common, interlocutory judgment should be given (see Code, section 1546) of partition as to the latter lands, and for the defendants as to the issues.

After the defendant's informal judgment by default had been vacated merely because of its informality, on the plaintiff's moving for such a reference as to the lands admitted to be owned in common, the defendants could not have the issues referred to the referee.

*Special Term, December,* 1885.

THIS action was brought to partition several houses and lots in the city of Brooklyn, left by Dominick Colgan, the father of all the parties. Some of the lands were devised to three of the defendants by Mr. Colgan's will, which was contested by the plaintiff before the surrogate of Kings county, but her objections were overruled and the will admitted to probate, whereupon she commenced this action under section 1537 of the Code of Civil Procedure to partition these lands and also some other lands left by the deceased to all his children in common. The defendant's answer admitted that the latter were held in common by the parties, and pleaded the devise as to the former. A jury trial was demanded by the plaintiff of the issues, under the Code of Civil Procedure, section 1544, and during the absence of the plaintiff's counsel from the court room a dismissal was taken before the jury side of the court, and a judgment entered by the defendant's attorney dismissing the entire complaint, including the cause of action arising from the lands admitted to be held in common. The plaintiff's counsel then moved to correct this error before chief judge GEORGE G. REYNOLDS, the trial judge, without applying to open the default.

*Mr. Henderson Benedict*, for plaintiff and the motion, contended that the issues alone were submitted to the jury side, and consequently nothing else could be dismissed, and after disposing of the issues the entire case must return to the equity side for judgment.

*Mr. T. N. Melvin*, for defendants and in opposition to the motion, took the contrary view.

REYNOLDS, *Ch. J.*—The defendant's attorney has mistaken the practice. The action is an equitable one. (*Hewlett* agt. *Wood*, 62 *N. Y.*, 75.) It is true that a trial of the issues by jury is a matter of right, but the very section of the Code of Civil Procedure (*sec.* 1544) which provides this, shows that it is not to be treated as an ordinary common law action. Issues may be stated as provided by section 970, or they may come

before the jury simply upon the pleadings, but in either case the action is to be determined at special term by the court in equity. If the issues had been tried before the jury and decided in favor of the defendants, they could not have entered judgment dismissing the complaint on such findings, but the case would have gone to special term for such judgment as ought to follow upon the admitted facts and the findings upon the issues. A default can have no greater effect. The consequence of the plaintiff's retiring from the contest over the disputed facts, was simply to concede that part of the case to defendants. The parties are now to come before the court in proper form to have their rights settled upon the facts as admitted by the pleadings or determined by the default. The judgment must be set aside, with ten dollars costs to plaintiff, to be taxed in her final bill if she succeeds.

Motion granted with ten dollars costs.

AFTER entry of the order on this decision vacating the judgment, the plaintiff's counsel moved, before judge AUGUSTUS VAN WYCK, under the Code of Civil Procedure (*secs.* 1561 *and* 1546), for the appointment of a referee to ascertain the liens on the lands admitted to be held by the parties in common and whether an actual partition could be had.

*Mr. Henderson Benedict*, for the motion, argued that the judgment was merely vacated for its informality, with the privilege of recording a formal one, and that the issues could not be referred as the Code of Civil Procedure (*sec.* 1544) prescribed a jury trial.

*Mr. T. N. Melvin*, in opposition to the motion, argued that vacation of the judgment opened the default and that the issues should be referred to the referee.

VAN WYCK, *J.*—The default of plaintiff at the trial term concludes plaintiff in the matter of the premises which the answer denies are owned in common, and the only premises

that can be partitioned are those which the answer admits are owned in common, and therefore the reference should be restricted to the ascertainment of the liens on the latter, and on the report of the referee the court must give judgment in favor of the defendants as to the premises not admitted to be owned in common and order judgment of partition of the piece admitted to be owned in common. The matter of costs will be in the discretion of the court, and it cannot be assumed that the court will do an injustice to defendants in respect thereto.

Motion granted.