Barnard, P. J.
This action was based upon the allegation that the defendant agreed to buy in certain real property in which the plaintiff and his brother had an interest, in the event that the property did not render sufficient to pay off their claim upon it. That the defendant would take a title for their benefit, and would advance the money. That the property did not bring sufficient, and that the defendant bought it in and took a title in the name of a brother of the defendant, and subsequently took title thereto from the brother. The juddment asked for was to the effect that the defendant should be decreed to hold the property as trustee, and that he should be compelled to execute a deed to the plaintiff. Upon the trial it appeared that such an agreement had been made, but that the defendant advanced •all the money, and no effort was made upon the part of plaintiff to repay defendant, and this continued from 1879 to December, 1885, when this action was commenced. In the meantime, between the purchase and commencement of the action, the defendant had settled with the plaintiff for the amount of the bid. The defendant was an executor of plaintiff’s father, and the claim on the trial was for a debt ■due to the testator. The bid did not pay the whole debt, but the amount of the bid was put in the accounts and settled in 1880, and the plaintiff had his share of the moneys.
This was not an action of ejectment within the meaning •of section 1525 of the Code. That section is substantially the same as 2 R. S., sec. ed., § 37.
There it is made applicable to action of ejectment. The *622 term had a definite meaning, and included only action at law to' recover possession of land strictly. It did not apply to action of trespass when the verdict might, and usually did, settle the title to land. It did not include actions in equity to set aside conveyances where the decree would establish or destroy a title to land. The Code has made no change in the scope of the provision. The name of the action is changed or rather abolished. The action is now-called an action to recover the possession of real property. Since the Code the question has been before the court of appeals. An action has been brought to set aside a deed because the grantor had not capacity to convey. The-plaintiff had a verdict, and a new trial as a right, was refused, and the court of appeals affirmed this order. Shumway v. Shumway, 42 N. Y., 143.
That was a case where clearly the plaintiff could have brought an action of ejectment strictly one in equity to declare void the defendant’s deed. Having elected the equitable remedy the right to a new trial under this section did not exist.
The order should therefore be affirmed with costs.
Pratt and Dykman, J. J., concur.