### MELLEN v. MELLEN et al.

*(Supreme Court, Special Term, New York County.* September 3, 1891.)

1. NEW TRIAL—DENIAL AT CIRCUIT—POWER OF SPECIAL TERM.
    Where a motion for a new trial has been made and denied at circuit, a motion to vacate the order of denial and to rehear the motion for a new trial cannot, after the adjournment of the circuit, be made at special term or chambers, but the only remedy is by appeal.

2. JURY TRIAL—EQUITABLE ACTION—EFFECT OF VERDICT.
    Where the issues in an equitable action, triable by jury as a matter of right, are so tried, the special term has no inherent power, as a court of equity, to disregard the verdict rendered on such trial.

At chambers.    Action by Sarah E. Mellen against Abner Mellen, Maria L. Kendall, William C. Banning, individually and as executor of will of Abner Mellen, deceased, Helen J. Banning, and Abner M. Wilcox and Winnifred Wilcox, his wife, for partition.

*Henry Daily, Jr.*, for plaintiff.    *George Hill*, for defendants.

PATTERSON, J.    The conclusions at which I have arrived on this application for judgment are as follows, viz.:

1. The motion to vacate the order denying the motion for a new trial made at the circuit and for a rehearing of that motion cannot be entertained.    The authority to consider such a motion expired with the circuit at which the action was tried.

2. A motion having been made at the circuit on the judge's minutes, and denied, and that court having adjourned *sine die*, the only way to review the verdict and the facts, as the case now stands, is by appeal from the order entered denying the motion.    Motions for new trials in jury cases are allowed and regulated by statute, and are not a matter of right, independent of the statute.

3. The verdict of the jury is conclusive on the special term at this stage of the case.    While partition is an equitable action, the statute has given the absolute right to a trial thereof by jury, and there is no inherent power in a court of equity to disregard the verdict of a jury where the trial in that method is a matter of legal right.    That right was claimed by the defendants, and allowed.    Either special framed issues may in such actions be tried by the jury, or all the issues may be submitted.    Here, by the election of the defendants, the case was tried on the pleadings, and all the issues were disposed of by the verdict.    Thereafter there was nothing for the court at special term to try; and there being a general verdict in favor of the plaintiff, and a new trial having been refused, and there being no remaining issues to be tried, the cause was ripe for decree on motion to the special term.    The whole controversy was litigated before the jury, and the defendants cannot have two trials in different tribunals of the same issues.

4. The fundamental questions of law relating to the right of the plaintiff to maintain this action were necessarily involved in the trial at the circuit, and the rulings of the court on such of them as were brought to its notice are not the subject of re-examination here.    They can be reviewed only by appeal.    In view of precedents cited by the defendants on this application, concerning the complete execution of the power of sale by the executory contract made between Banning, executor, and the purchaser at the auction sale, and the construction given in those precedents to section 114 of the statute of powers,[1] the ruling at the circuit ought to be reviewed.    There is another question of law which was not raised at the circuit,—for there the whole case was declared to be included within the three branches or questions stated on the record on the opening of the case,—and that is the existence of a valid power of sale as a barrier to the plaintiff's right to partition the property.

5. As the case stands, the plaintiff is entitled to a decree, the court now being without power to set aside the verdict or to order judgment contrary thereto.    All proceedings after decree will, however, be stayed, that the defendants may perfect an appeal within the time allowed by law, from both the judgment to be entered and the order denying a new trial.

[1] 4 Rev. St. N. Y. (8th Ed.) p. 2449.