## BUTTS v. FILLMORE.

*(Supreme Court, General Term, Fifth Department.    March, 1892.)*

NEW TRIAL—MATTER OF RIGHT—RECOVERY OF LAND.

A plaintiff who, instead of proceeding in ejectment, seeks to get possession of land by an action, tried before a judge in equity without a jury, to have a deed conveying real estate adjudged null and void, thereby waives any right to relief under Code Civil Proc. § 1525, which provides for a new trial in actions to recover the possession of real property on payment of the costs of the action.

Appeal from special term, Monroe county.

Action by Simon Butts against Addison B. Fillmore to set aside a conveyance of land. From a judgment for defendant of the trial court, equity term, and from an order of special term denying his motion for new trial, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

John Desmond, for appellant.    George D. Forsyth, for respondent.

LEWIS, J. The action was brought to set aside a deed of conveyance from Christian Butts, deceased, to the defendant, of 20 acres of land in the town of Greece, Monroe county, N. Y., on the ground that the conveyance was obtained by undue influence, and on the further ground that the grantor was, at the time he executed the deed, so infirm in mind as not to be cempetent to make the deed. The plaintiff claimed in his complaint to be the owner of the premises as a devisee under the will of Mr. Fillmore, and demanded judgment that the deed to the defendant be adjudged void and of no effect, and awarding the possession of the land to him, with damages for the withholding thereof from him by the defendant, and for such other or further relief as to the court shall seem just. The action was tried at a Monroe equity term, and upon abundant evidence to sustain the findings the trial court found against the plaintiff upon all the issues presented by the pleadings, and directed judgment against plaintiff for the costs of the action. Judgment was entered, the plaintiff paid the defendant's costs, and thereupon moved the court for a new trial under section 1525 of the Code of Civil Procedure, which provides for a new trial in actions to recover the possession of real property upon payment of the costs of the action. The motion was denied. The plaintiff appealed to this court.

The purpose of the action, as we have seen, was to obtain the judgment of the court adjudging the deed executed by the deceased to the defendant null and void for the reasons above stated, and for the possession of the premises. The plaintiff's right to the possession of the land depended upon the result of his efforts to have the deed adjudged to be void. Failing in that, he had no cause of action against the defendant. He could have brought his action, if he had so desired, in the form of ejectment, but he elected to so frame his complaint as to make it an equity action. It was tried, by his consent, at an equity term, before the court without a jury. Having selected that court as the proper tribunal to adjudicate upon his cause, he must be held to have waived any right to relief under the provisions of the Code relating to new trials in actions for the recovery of the possession of real property. *Shumway* v. *Shumway*, 42 N. Y. 143. The judgment and order appealed from should be affirmed, with costs. All concur.