CUTHBERT v. IVES et al.

(*Supreme Court, General Term, First Department.* October 20, 1892.)

PARTITION—TRIAL BY JURY—PRACTICE.

Code Civil Proc. § 1544, in relation to the trial of issues in partition cases, provides that "an issue of fact joined in the action is triable by a jury. Unless the court directs the issues to be stated as prescribed in section 970 of this act, the issues may be tried upon the pleadings." *Held*, that actions for partition being purely equitable, though issues for trial by jury are involved, an order at special term directing the issues raised by the pleadings to be tried by a jury at circuit on a day specified, and the verdict thereon certified to the special term for decree, is authorized; but the judge making the order is not entitled to have the verdict certified to himself.

Appeal from special term, New York county.

Action for partition by Ophelia J. Cuthbert against Margaret S. Ives, Cordelia D. Chauvet, and others. From an order directing the issues raised by the pleadings to be tried by jury at circuit on a day certain, and the verdict certified to the justice making the order, defendants appeal. Modified.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Charles F. MacLean,* for appellants. *Hoadly, Lauterbach & Johnson,* (*Edgar M. Johnson,* of counsel,) for respondent.

PER CURIAM. After the trial of this cause, which is an action in partition, had begun, and testimony had been taken, at special term, the plaintiff moved, under section 1544 of the Code, for an order directing the issues of fact arising upon the pleadings to be tried by a jury at a circuit court. The court, although probably the plaintiff had waived her right to a jury trial by not demanding it before commencing the trial before the court without a jury, made the order from which this appeal is taken. Section 1544, relating to the trial of issues in partition cases, provides that "an issue of fact joined in the action is triable by a jury. Unless the court directs the issues to be stated as prescribed in section 970 of this act, the issues may be tried upon the pleadings." As we understand appellant's insistence, it is that, "if no issues are selected from the pleadings and framed for trial, the issues must

be tried upon the pleadings, and the circuit court is the only court for such an action;" and that "there is no more authority for the chancery court insisting upon its jurisdiction of such an action, or its right to direct the day when a jury shall try it, or what shall be done with the verdict, than in a suit upon a promissory note or any other action at law." Appellants are in error, in respect to the nature and character of a partition action, in assuming, because by certain sections of the Code certain issues are triable by a jury, that it thereby becomes divested of its equitable character, and is changed into one at common law. As said by Judge MILLER in *Hewlett* v. *Wood*, 62 N. Y. 75: "The action under the Code for a partition of lands must be regarded as an equitable action, and I think does not belong to the class of actions which are recognized solely as actions at law." This same view has lately been enforced by the case of *Mellen* v. *Mellen*, (Sup.) 16 N. Y. Supp. 191, in which the learned judge writing the opinion says: "While partition is an equitable action, the statute has given the absolute right for a trial of the issues thereof by jury, and there is no inherent power in a court of equity to disregard the verdict of a jury, where the trial in that method is a matter of legal right." The language of the Code is also clearly in harmony with this view. We think, by reason of the duties and functions of the separate courts, (supreme and circuit,) that the proper practice would be in these cases to have the issues framed at special term, and not place that labor upon a judge holding a circuit court. It is not, however, under the language of the Code, jurisdictional that the above practice should be pursued; and therefore the court had the power to make the order in the form which he did, as far as relates to the trial of the issues. It also had a right to include in the order a direction as to its trial in the circuit court. With respect to so much of the order, however, as directed that the verdict should be certified to himself, we think the order was erroneous. It should have required that the verdict be certified to the supreme court at special term, in order that the proper decree might be entered upon the issues as determined by the verdict. We are of opinion, therefore, that the order should be modified in this respect, and as so modified should be affirmed, without costs.