LEE, APPELLANT, *v.* LEE ET AL., RESPONDENTS.

(No. 4,253.)

(Submitted January 7, 1919. Decided January 20, 1919.)

[178 Pac. 173.]

*Husband and Wife — Separation Agreement—Enforceability—Divorce—Alimony—Suit Money—Counsel Fees.*

Husband and Wife—Separation Agreement—When Binding upon Parties.
   1.   Under sections 3694–3696, Revised Codes, husband and wife may agree, in writing, to an immediate separation, making provision for the support of either of them, the mutual consent of the parties being a sufficient consideration; and if fairly made and executed, free from fraud or imposition, coercion or duress, courts will uphold and enforce such an agreement.

Same—Divorce—Alimony—Suit Money—Counsel Fees—Erroneous Allowance.
   2.   Where suitable provision had been made by the husband for the support of the wife, in a separation agreement, which among other things provided that it should constitute a full settlement of all property rights in case a divorce action should result, in which event the husband should not be required to pay the wife alimony, suit money or counsel fees, it was error for the court, in an action for divorce by the husband, to ignore the terms of the agreement and make allowances to the wife in all three particulars, in the absence of a pleading attacking the validity of the agreement on the ground of fraud, duress, *etc.*, or one disclosing a defense to the action on its merits.

   [As to validity of contract intended to facilitate procuring of divorce, see note in **Ann. Cas.** 1915A, 811.]

*Appeal from District Court, Big Horn County; Geo. P. Jones, Judge.*

ACTION for divorce by Walter O. Lee against Mayme Lee. From an order allowing defendant temporary alimony, suit money and counsel fees, plaintiff appeals. Reversed and remanded.

*Messrs. McIntire & Murphy,* for Appellant, submitted a brief; *Mr. H. G. McIntire* argued the cause orally.

Both parties were competent to enter into this agreement (Rev. Codes, sec. 3694), and they were also competent to agree,

Authorities passing on the question of validity of agreement between husband and wife renouncing marital rights are collated in a note in 12 **L. R. A.** (n. s.) 848.

as here, "to an immediate separation, and may make provision for the support of either of them and of their children during such separation." (Sec. 3695.) The mutual consent of the parties is a sufficient consideration for such an agreement. (Sec. 3696; *Stebbins* v. *Morris,* 19 Mont. 115, 47 Pac. 642.) It is the law that the power to award temporary alimony is dependent on the indigence of the wife. (Sec. 3681.) This she must aver and prove, and the burden of proof is on her. This has been directly adjudged by this court in the case of *Rumping* v. *Rumping,* 41 Mont. 33, 108 Pac. 10, and it is the general law. (See 1 R. C. L., pp. 894, 895; 25 L. R. A. (n. s.) 387; *Collins* v. *Collins,* 80 N. Y. 1; *Romaine* v. *Chauncey,* 129 N. Y. 566, 26 Am. St. Rep. 544, 14 L. R. A. 712, 29 N. E. 826, 6 L. R. A. 847, 12 L. R. A. (n. s.) 846, note L. R. A. 1916B, 922; *Collins* v. *Collins,* 80 N. Y. 1.)

The wife's adultery during the pendency of the suit has been held sufficient to warrant a revocation of an order allowing her alimony *pendente lite* even where committed prior to the allowance of the award but not discovered until thereafter. (1 R. C. L., p. 895; *Jennison* v. *Jennison,* 136 Ga. 202, Ann. Cas. 1912C, 441, 445, 71 S. E. 244; *Cariens* v. *Cariens,* 50 W. Va. 113, 55 L. R. A. 930, 40 S. E. 335; *Cole* v. *Cole,* 142 Ill. 19, 19 L. R. A. 811, 31 N. E. 109; 14 Cyc. 787; 2 Bishop on Marriage, Divorce and Separation, sec. 1320.) *A fortiori,* if the power to revoke exists, the right to deny the application must also exist.

In *Rose* v. *Rose,* 11 Paige (N. Y.), 166, cited with approval in *Collins* v. *Collins, supra,* it was held that after the provision had been made, as here, for the wife's support, the wife is not entitled to alimony *pendente lite* unless she and her trustee surrendered or offered to surrender the voluntary settlement.

*Messrs. Goddard & Clark* and *Mr. E. E. Enterline,* for Respondents, submitted a brief.

Alimony *pendente lite* rests in sound discretion of the trial court and is not reviewable unless there is an abuse of discretion. (*Bohnert* v. *Bohnert,* 91 Cal. 428–431, 27 Pac. 732;

*Rose* v. *Rose*, 109 Cal. 544, 42 Pac. 452.) Pending action for divorce the court may in its discretion require the husband to pay as alimony any money necessary to enable the wife to support herself or her children or to prosecute or defend the action. (*Sharon* v. *Sharon*, 75 Cal. 1, 16 Pac. 345.)

An order granting alimony during the pendency of suit, counsel fees or necessary expenses during prosecution of suit will not be disturbed upon appeal unless it is made to appear that the trial court has been guilty of an abuse of its discretion. (*Rose* v. *Rose*, *supra; Mudd* v. *Mudd*, 98 Cal. 320, 33 Pac. 114.)

Unless it appears that the order for alimony *pendente lite* was made without any evidence or without opportunity on the part of the husband to be heard and that it is of such a character as on its face to be inordinate in amount, it must be assumed that the discretion of the trial court has been properly exercised. (*Rose* v. *Rose*, *supra*.) The wife will be presumed entitled to support in divorce proceedings unless it is shown by result of trial that her claim is forfeited. (*Newman* v. *Newman*, 69 Ill. 167; *Jenkins* v. *Jenkins*, 91 Ill. 167; *Foss* v. *Foss*, 100 Ill. 576; *Harding* v. *Harding*, 144 Ill. 588, 21 L. R. A. 310, 32 N. E. 206.) The trial court has jurisdiction in a divorce action to order the defendant husband to pay temporary alimony to the plaintiff wife, though issue of fact has not been joined and although there was a demurrer pending to the complaint which was afterward sustained. (*Langan* v. *Langan*, 91 Cal. 654, 27 Pac. 1092.)

The foregoing decisions from California are based on section 137 of the Civil Code of that state, which corresponds to our section 3677, Revised Codes.

MR. JUSTICE COOPER delivered the opinion of the court.

This is an appeal from an order allowing defendant in the divorce action instituted by Walter O. Lee against his wife, Mayme Lee, temporary alimony in the sum of $125 a month, suit money to the amount of $500, and the sum of $750 as counsel fees.

The complaint filed by the husband on March 2, 1918, sets forth substantially: The residence of plaintiff for more than one year within the state immediately preceding the beginning of the action for divorce; the intermarriage of the parties on December 3, 1910; the nonbirth of any children; the agreement between them to live separate and apart, entered into on March 6, 1917; and the fact of so living from that date until the filing of the complaint, the basis of which is adultery. Defendant interposed a demurrer which still remains undisposed of.

On April 5, 1918, defendant served and filed her notice of application for temporary alimony for support and maintenance during the pendency of the action, in the sum of $250 monthly; for the further sum of $1,000 as suit money to defend the action; and for $2,500 as attorney's fees to enable her to prepare her defense, or such other sum as the court might deem just and proper. The motion was supported by the affidavit of the defendant, in which she set forth, among other things, that she was wholly without means to defend the action or to employ counsel, or to pay the costs and expenses incident to the suit, and that she has no property of any kind whatever which could be utilized by her in her defense of the action or with which to properly support herself during its pendency. She also alleged that the plaintiff was possessed of property worth in the neighborhood of $100,000, but made no mention of the separation agreement.

The application was heard upon the pleadings and certain oral and documentary evidence presented to us in a bill of exceptions.

The separation agreement provides, among other things, that plaintiff shall pay defendant the sum of $10,000, to be evidenced by two promissory notes of $5,000 each, in addition to $100 per month from March 6 until November 1, 1917. It then concludes: "This agreement is a full and complete settlement of all property rights between the parties hereto as husband and wife, both now and after the death of either party to this agreement. From this time forward neither party shall

have any interest of any kind or nature in or to any property, real, personal or mixed of the other party to this agreement, whether now owned by such party or hereafter acquired. In case either party applies for a divorce, this agreement shall be a full settlement of all property rights in such divorce action, and neither party in such action shall have the right to obtain any part of the property of the other or require the party to pay attorney's fees, alimony or suit money on account of such action for divorce. In the future, neither party shall be under any obligation to support the other."

The plaintiff testified that his assets were of the approximate value of $102,000, and that his liabilities amounted to about $81,000. The defendant admitted the execution of the separation agreement, stating that under it she had received the sum of $100 per month as provided therein. She further admitted that she still held the two notes for $5,000 each, mentioned as part of the consideration for the agreement; that one of the notes had matured in November, 1917, and that the other would mature "this fall," meaning thereby the fall of last year; and that they provide for interest of eight per cent per annum from date. She also testified that she had not offered to return the money she had received for her support, but that she had used it to live on. As far as the record shows, until the filing of the complaint charging her with adultery, she expressed no dissatisfaction with the provision made for her in the separation agreement; and she gives no hint of any attempt whatever on the part of the plaintiff to take undue advantage of her in its execution.

The order of the court is sought to be impeached on the ground that it is not supported by the evidence, and is invalid in face of the separation agreement which is binding upon the parties. At the hearing below, the defendant objected to the introduction of the separation agreement "upon the ground that it was irrelevant, incompetent and immaterial, and for the further reason that the contract will be in controversy in the action, and that she intended to void its terms and conditions, and that

its introduction in evidence would involve the trial of her right to rescind and repudiate it, a matter which could not be determined in the proceeding.'' The court permitted its introduction on the assumption, apparently, that the allowance of alimony *pendente lite* was a matter confided to its discretion, notwithstanding the terms and provisions of the separation agreement, and made the order complained of. The question, therefore, presented to us for decision is whether the separation agreement was binding upon the parties and the court, or whether in the court was lodged the discretion to make the allowances irrespective of its provisions.

Our statutes (secs. 3694 and 3695, Rev. Codes) clearly recog-
[1]   nize the right of husband and wife to agree in writing to immediate separation, and to make provision for support of either of them. Section 3696 declares that the mutual consent of the parties is a sufficient consideration for such agreement. It seems now to be settled beyond cavil that agreements of this character, where it appears that they are fairly made and executed, free from fraud or imposition, coercion or duress, will be upheld and enforced. (*Galusha* v. *Galusha,* 116 N. Y. 635, 15 Am. St. Rep. 453, 6 L. R. A. 487, 22 N. E. 1114; *Parsons* v. *Parsons,* 23 Ky. Law Rep. 223, 62 S. W. 719; *Bailey* v. *Dillon,* 186 Mass. 244, 66 L. R. A. 427, 71 N. E. 538; *Winter* v. *Winter,* 191 N. Y. 462, 16 L. R. A. (n. s.) 710, 84 N. E. 382; *Walker* v. *Walker,* 9 Wall. 743, 19 L. Ed. 814.)

The case of *Galusha* v. *Galusha, supra,* was a case much like the one now before us. In that case Justice Parker, speaking for the New York court of appeals, said: ''The trial court apparently adopted the view that, inasmuch as the statute empowers the court to require the wrongdoing husband to provide for the support of the wife, it may permit the agreement to stand, and, in addition thereto, compel the defendant to pay such other or further sum as the surrounding circumstances suggest to be just. * * * In view of the situation of the parties, the contract was, at the time of the execution, valid and binding upon all the parties thereto. The defendant had fully

performed on his part, and it would seem as if he were entitled to the protection which it was stipulated that full performance should give to him.  *  *  *  This authority to protect the wife in her means of support was not intended to take away from her the right to make such a settlement as she might deem best for her support and maintenance.  The law looks favorably upon and encourages settlements made outside of court, between parties to a controversy.  If, as in this case, the parties have legal capacity to contract, the subject of settlement is lawful, and the contract, without fraud or duress, is properly and voluntarily executed, the court will not interfere.  To hold otherwise would be not only to establish a rule in violation of well-settled principles, but, in effect, it would enable the court to disregard entirely settlements of this character; for, if the court can decree that the husband must pay more than the parties have agreed upon, it is difficult to see any reason why it may not adjudge that the sum stipulated is in excess of the wife's requirements, and decree that the husband contribute a smaller amount.''

The contract here in question is fair on its face.  Defendant [2] was a free agent in entering into it.  She was the best judge of what her needs were for her support, and the contract provides for them, and releases plaintiff from further liability therefor.  It recites that on account of divers and sundry unhappy differences between the parties, which renders it impossible for them to live together as husband and wife, they agree that they will ''from this day'' live separate and apart.  She was not obliged to enter into the agreement, and, for aught that appears in the record, she did so freely and voluntarily, and we see no reason why she should not be bound by it, in the absence of a proper pleading in which the validity of the separation agreement is attacked directly and a defense to the cause of action on its merits is disclosed.

Neither is there in the record any offer to restore what she has received under the provisions of the agreement; and she now stands in the position of having received and accepted benefits under a contract she is seeking to have declared null and

void, on nothing more substantial than the vagarious statements found in her testimony. This may not be permitted.

The court's discretion in the premises did not go to the extent of authorizing it to arbitrarily set aside the valid agreement of the parties because, in its opinion, one of them had agreed to accept from the other less than she ought to have done.

· The case of *Stebbins* v. *Morris,* 19 Mont. 115, 47 Pac. 642, decided in 1897, is commented upon by counsel for both sides, and they seem to differ with regard to the views there expressed: There a separation agreement of similar import to the one now under discussion was the subject of controversy. The husband after making the agreement, refused to comply with its terms, and the wife brought suit against him for an accounting and to compel him to pay to plaintiff the proceeds derived from the sale of the product of certain oil wells covered by the agreement. The complaint in that case set forth the agreement in full, and on the face of it it appeared that the essential requirement (which will be found in the initial paragraph of the agreement involved here) was wanting. Defendant interposed a demurrer which was sustained, and from the judgment dismissing the complaint the appeal was taken. The following excerpt from the language of Justice Buck will suffice to make clear the distinction between that case and the instant one: "No intimation is contained in the complaint that there was any necessity or moving cause for the separation other than mere caprice or purely voluntary consent. There is no allegation under which any other evidence in respect to it could be presented to the court. The demurrer was properly sustained. Had the complaint properly set forth any urgency or reasonable necessity for the agreement, then, no doubt, a cause of action would have been stated. Had it properly averred that the plaintiff had been imposed upon or defrauded by her husband in respect to this agreement, such averments would no doubt have altered the phase of the situation and entitled the plaintiff to the relief demanded. But no such allegations appear."

The order is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

(Submitted January 7, 1919.    Decided January 27, 1919.)