[Civ. No. 3320. First Appellate District, Division One.—April 20, 1920.]

DANIEL F. McCAHAN, Appellant, v. LILLIAN Mc-CAHAN, Respondent.

[1] DIVORCE—ANTICIPATION OF—AGREEMENT TO PAY COUNSEL FEES—VALIDITY OF.—An agreement, in advance and in anticipation of a divorce action being brought, to pay counsel fees and costs is void as *contra bonos mores.*

[2] ID.—SEPARATION CONTRACT—POWER OF COURT TO DISREGARD.—In an action for divorce the trial court is not bound by a provision in a contract of separation entered into between the parties wherein it is agreed that, in the event of such an action being instituted, a certain sum shall be awarded to the wife in full settlement of all her claims for counsel fees and costs, but, during the pendency of the action, either in the trial court or on appeal, the trial court may, in its discretion, compel the husband to pay the wife any money necessary to prosecute or defend the same.

APPEAL from an order of the Superior Court of Humboldt County directing the payment of costs and counsel fees on appeal in an action for divorce. George D. Murray, Judge. Affirmed.

The facts are stated in the opinion of the court.

Pierce H. Ryan for Appellant.

J. J. Cairns and Henry L. Ford for Respondent.

WASTE, P. J.—This is an appeal from an order directing the appellant to pay to his wife, the respondent, $343 as costs and counsel fees, on appeal in a divorce action, in which judgment was entered in favor of the plaintiff, and from which judgment the respondent here appealed.

The complaint is on the ground of extreme cruelty. The defendant answered denying the allegations of cruelty, and

1. Validity of contract intended to facilitate procuring of divorce, notes, 11 **Ann. Cas.** 377; **Ann. Cas.** 1915A, 811; **Ann. Cas.** 1918E, 902.

2. Liability of husband for counsel fees incurred by wife, notes, 15 **Ann. Cas.** 21; **Ann. Cas.** 1917A, 689, 702.

filed a cross-complaint for permanent support and maintenance, and in which she also alleged that a certain contract of separation, theretofore entered into by the parties, was executed by reason of undue influence. This allegation plaintiff denied. The case was tried by a jury which answered all of the special interrogatories, submitted to it, in favor of the plaintiff. These answers were adopted and approved by the court, which made certain additional findings of its own motion. With full knowledge of the facts, it sanctioned the agreement in part, and granted a decree of divorce to the plaintiff. That judgment was affirmed by this court. (*McCahan* v. *McCahan, post,* p. 176, [190 Pac. 460].) A complete statement of the facts of the case is contained in that opinion.

After judgment the defendant moved the court, on affidavits showing she was practically destitute and had no means of her own, for an order directing plaintiff to pay her costs and counsel fees on appeal. The plaintiff filed a counter-affidavit in which he alleged the execution of the contract of separation referred to; that it provided for, and he had paid to the defendant, the sum of one hundred dollars for her costs and counsel fees in the action. He objected to making any further payments and interposed the stipulation of the contract as a bar to the granting of the motion. The court overruled the objection, and, refusing to be governed by the provision of the contract relating to counsel fees and costs, made the allowance complained of. The question presented on this appeal is the right of the court to make the order, in view of the provision in the contract which is as follows:

"6. In the event that any action for divorce shall ever be instituted between the parties hereto, then and in such event it is agreed that there shall be awarded to the party of the second part the sum of One Hundred ($100.00) Dollars in full settlement of all her claims for counsel fees and costs herein; and it is further agreed that said sum shall be awarded in one action only."

[1] Under our code either husband or wife may enter into any agreement or transaction with the other respecting property which either might if unmarried. (Civ. Code, sec. 158.) Notwithstanding this freedom to so contract, it has been repeatedly held in this state that an agreement be-

tween husband and wife to do anything to facilitate procuring a divorce is illegal and void. (*Newman* v. *Freitas,* 129 Cal. 283, 289, [50 L. R. A. 548, 61 Pac. 907].) We think it requires no lengthy discussion to point out the circumstances under which an agreement in advance and in anticipation of a divorce action being brought, to pay the counsel fees and costs, may operate to facilitate a dissolution of the marriage tie. Such being its effect it is void as *contra bonos mores.* (*Pereira* v. *Pereira,* 156 Cal. 1, 5, [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488].)

[2] For another reason the trial court was warranted in disregarding the provisions in the contract relating to counsel fees and costs. Our statute provides that during the pendency of a divorce action the court may, in its discretion, compel the husband to pay the wife any money necessary to prosecute or defend the cause. (Civ. Code, sec. 137.) This power is not exhausted upon the rendition of the judgment in the trial court, but continues during the pendency of the appeal. (*Bruce* v. *Bruce,* 160 Cal. 28, 30, [116 Pac. 66].) The question of the good faith and merit of the appeal is a matter to be considered and determined from the showing made in the lower court and upon which the order for the allowance is based. (*Gay* v. *Gay,* 146 Cal. 237, 240, [79 Pac. 885].) The courts of this state have consistently recognized and upheld the broad discretionary power vested in the trial judges, by the above section of the code, in these matters. In refusing to sanction an agreement, between an attorney and a plaintiff in a divorce action, for a contingent fee, the supreme court pointed out that in such cases "the law has taken care that the wife shall not be without assistance in proper cases either to prosecute or defend such actions. . . . The reason or necessity therefor does not exist in such cases as in the others for allowing contingent attorney's fees, and where the reason ceases the rule or law also ceases." (*Newman* v. *Freitas, supra.*) In yet another case the same court was called upon to construe a contract similar, in effect, to the provision in the agreement we are here considering. It was there said: "nor in the case of suit could the agreement control the action of the court in the exercise of its discretion in allowing alimony or attorney's fees." (*In re Estate of Sloan,* 179 Cal. 393, [177 Pac.

150].) Assuming, as claimed by appellant, but not so holding, that it may have been unnecessary for the court, in deciding the case, to have used the language quoted, we consider the statement significant, as being in complete accord with what we conceive to be the consistent policy of the courts of this state in such matters.

Appellant relies upon the case of *Lee* v. *Lee,* 55 Mont. 426, [178 Pac. 173], as fully supporting his contention. While the court there takes a view contrary to that which seems to prevail in this state, we are unwilling to accept it as final authority. We are satisfied it is best to leave the matter of costs and counsel fees, in divorce actions, to the discretion of the trial court, in whose exclusive jurisdiction it has been vested by legislative enactment. If it is desirable or expedient to settle these matters out of court, such agreements must be subjected to the examination of the court. (*Loveren* v. *Loveren,* 106 Cal. 509, 513.) If fair and equitable, the arrangement between the parties will no doubt receive its sanction.

The order is affirmed.

Knight, J., *pro tem.,* and Richards, J., concurred.