THE HON. GEORGE W. FARR,
THE HON. CHARLES H. COOPER,
THE HON. WILLIAM L. HOLLOWAY, } Associate Justices.
THE HON. ALBERT J. GALEN,
*THE HON. ALBERT P. STARK,

---

SHERMAN, RESPONDENT, *v.* SHERMAN, APPELLANT.

(No. 4,889.)

(Submitted September 27, 1922. Decided December 8, 1922.)

[211 Pac. 321.]

*Husband and Wife—Agreement to Separate—When Enforceable—When Void—Agreement not Bar to Divorce.*

Husband and Wife—Agreement to Separate No Bar to Divorce.
    1. An agreement by husband and wife for immediate separation, making provision for the support of either and of their children, authorized by section 5787, Revised Codes of 1921, if fairly made and executed and free from fraud or imposition, coercion or duress, will be enforced, and is not ordinarily a bar to an action for divorce for cause then existing or arising subsequently thereto, in the absence of a covenant, express or implied, not to sue for past offenses.

Same—Agreement to Separate—When Void.
    2. An agreement of the nature of the above entered into with the intent of bringing about or facilitating a divorce is void.

---

1. How far articles of separation are a bar to divorce, see notes in Ann. Cas. 1916C, 347, 367, 368; 6 L. R. A. 487; 2 A. L. R. 708.
    *Elected November 9, 1922, to succeed THE HON. GEORGE W. FARR, and qualified January 1, 1923.

(227)

[65 Mont. 227.]

*Appeal from District Court, Flathead County; C. D. Borton, Judge.*

ACTION for divorce by Eva N. Sherman against Elmer D. Sherman. From a judgment for plaintiff, defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. B. J. McIntire,* and *Mr. J. H. Stevens,* for Appellant.

*Mr. J. E. Erickson* and *Mr. Dean King,* for Respondent.

A separation agreement fairly entered into and executed without any suspicion of fraud, coercion or duress, and not made for the purpose of facilitating divorce is not a bar to a divorce. (*Stebbins* v. *Morris,* 19 Mont. 118, 47 Pac. 642; *Lee* v. *Lee,* 55 Mont. 432, 178 Pac. 173; *Kane* v. *Kane,* 53 Mont. 519, 165 Pac. 457; *Galusha* v. *Galusha,* 116 N. Y. 635, 15 Am. St. Rep. 453, 6 L. R. A. 487, 22 N. E. 1114; 19 C. J. 82; *Slattery* v. *Slattery,* 139 Iowa, 419, 116 N. W. 608.)

STATEMENT OF THE CASE BY THE JUSTICE DELIVERING THE OPINION.

In September, 1920, the plaintiff wife commenced an action against the defendant husband, charging extreme cruelty, praying for a decree of divorce. While the action was pending, and in October, 1920, the parties entered into a written agreement of separation, providing for a division of their property and for the custody and maintenance of their children. Nothing was said in the agreement about the action for divorce then pending. A week after the agreement was signed, plaintiff dismissed her action. In January following plaintiff commenced this suit against defendant, again basing her cause of action on the ground of cruelty, praying for divorce. She set up the existence of the agreement respecting the care and maintenance of the children and asked its confirmation by the court. Defendant answered, denying plaintiff's allegations as to cruelty, and pleaded the agreement of separation *in toto* and his full compliance with its terms. By way of cross-com-

plaint he alleged a cause of action against plaintiff, charging her with cruelty toward him, and prayed for divorce. Plaintiff replied, denying defendant's affirmative allegations.

When the cause came on for trial defendant objected to any testimony on the part of plaintiff because of the fact that the parties had entered into an agreement of separation with the terms of which both had complied. The court overruled the objection, heard testimony from both sides, and awarded decree to plaintiff dissolving the marriage, and declared: "That all property rights, alimony and custody of the minor children were adjusted and agreed to by the parties, and that the said agreement and adjustment is hereby ratified and approved by the court." The appeal is from the judgment.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The only question presented upon this appeal is whether the [1] existence of the agreement of separation is a bar to the action for divorce.

Our statute provides that husband and wife "may agree, in writing, to an immediate separation, and may make provision for the support of either of them and of their children during such separation." (Sec. 5787, Rev. Codes 1921.)

An agreement of this character, fairly made and executed, free from fraud or imposition, coercion, or duress, will be upheld and enforced. (*Lee* v. *Lee*, 55 Mont. 426, 178 Pac. 173.) Such an agreement is not ordinarily a bar to an action for divorce for cause then existing or arising subsequently thereto, in the absence of a covenant, express or implied, not to sue for past offenses. (19 C. J. 82; 9 R. C. L. 376.) (Such exceptions as there are to this rule need not be noted here, being unnecessary to this decision.)

If, however, the agreement be entered into with the intent [2] of bringing about or facilitating a divorce, it will be declared void. (*Stebbins* v. *Morris,* 19 Mont. 115, 47 Pac. 642.) Here the validity of the agreement is not questioned. On the contrary, defendant relies upon it and insists that because

both parties have complied with its terms  the wife's suit should be dismissed.   His contention cannot be maintained.

The court, upon considering the evidence submitted in support of the pleadings of plaintiff and defendant—each charging the other with cruelty—found for the plaintiff, and very properly approved the contract the parties had made for themselves. The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES FARR, COOPER, HOLLOWAY and GALEN concur.