[Civ. No. 3492.  Third Appellate District.—September 27, 1928.]

ELAINE T. SMITH, Respondent, v. SIDNEY V. SMITH, Jr., Appellant.

Henry & Bedeau and Alden Ames for Appellant.

Charles A. Wetmore for Respondent.

PLUMMER, J.—On December 12, 1927, the trial court made and entered its order that the appellant pay to the respondent herein the sum of $500 as and for her attorney's fees and actual costs not to exceed $100—the order being made to enable the respondent to properly present her cause on an appeal taken to this court by the appellant herein from an order theretofore made awarding the plaintiff and respondent alimony in a divorce proceeding theretofore tried in the superior court of Yuba County, between the parties hereto. The order awarding alimony, as herein stated, was made on the twenty-first day of October, 1927. The final decree in said cause was entered on the twenty-fourth day of October, 1927, in which was incorporated a provision requiring the payment of $175 per month for the support and maintenance of the respondent, the plaintiff in that action, until the further order of the court. The defendant and appellant herein having appealed therefrom, the court, upon application of the plaintiff and respondent herein, made and entered the order first above referred to.

The appellant's contention upon this appeal is that the superior court was without jurisdiction to make the order awarding the plaintiff suit money upon this appeal, because of the provisions of the interlocutory decree in the main case which required that each party pay his own counsel fees. It is then assumed that the interlocutory decree is *res adjudicata* upon the question of attorney's fees; that it establishes the law relating to this proceeding, and therefore that the trial court possessed no jurisdiction to make any provision awarding counsel fees and costs to the respondent upon this proceeding. In making this contention appellant overlooks the fact that the power of the court in this proceeding is not controlled by the terms of

the interlocutory decree. The court had in view the making of an order which would enable the respondent to properly present her cause in opposition to the contentions of the defendant in his appeal from the order of the trial court made on the twenty-first day of October, 1927, requiring payment of alimony. The respondent's opposition to the defendant's appeal being made in good faith, the trial court, under the terms of section 137 of the Civil Code, had jurisdiction to make the order allowing the counsel fees and costs involved in this proceeding. Some questions are raised upon this appeal which were presented to this court in an action between the same parties, numbered 3469, and decided adversely by this court to the contentions of the appellant herein on September 18, 1928, in an action wherein the parties are the same as in this proceeding.

Precisely the same contention made in this case was ruled adversely to the appellant in the case of *Whiting* v. *Whiting*, 62 Cal. App. 157 [216 Pac. 92]. In that case the interlocutory decree provided that the parties thereto should pay their own costs. Afterward, upon an appeal, the court awarded the respondent a certain sum for attorney's fees and costs, and it was from this order that an appeal was taken and the contention made as is made here. We quote from the opinion: "Defendant strenuously insists that the order appealed from cannot be sustained and enumerates the following grounds why the same should be set aside: First, the court, at the conclusion of the trial of the action, having entered its decree that each party pay his own costs, and denying plaintiff's application for attorneys' fees and alimony, this decree was *res adjudicata,* and the court had no jurisdiction to grant a subsequent application for either alimony, costs, or attorneys' fees." The further objection was made that the plaintiff had means of her own, which is not involved in this action. In a somewhat extended opinion the court reviewed the cases having to do with the allowance of suit money, and held that the contention of the appellant was untenable. The cases of *Bacigalupi* v. *Bacigalupi*, 72 Cal. App. 654 [238 Pac. 93], and *Howell* v. *Howell*, 104 Cal. 45 [43 Am. St. Rep. 70, 37 Pac. 770], related only to the power of the trial court to make an order allowing alimony under the provisions of section 139 of the Civil Code, and therefore have no bearing upon the

issues tendered upon this appeal, as this appeal is governed solely by the power given to the trial court by section 137 of the Civil Code. That a trial court has power to award suit money to enable a wife to present her cause upon appeal, irrespective of whether any allowance therefor has been made in the interlocutory decree, is amply supported by the following authorities: *Whiting* v. *Whiting, supra; McCahan* v. *McCahan,* 47 Cal. App. 173 [190 Pac. 458]; *Dunphy* v. *Dunphy,* 161 Cal. 87 [118 Pac. 445]. In this last case the power of the court under section 137 of the Civil Code is fully considered and set forth. The recent decision of the supreme court in *Lamborn* v. *Lamborn,* 190 Cal. 794 [214 Pac. 862], supports the order of the trial court in this action. The case of *McCaleb* v. *McCaleb,* 177 Cal. 147 [169 Pac. 1023], contains nothing which in any manner limits or abridges the power of the trial court to award suit money under the provisions of section 137 of the Civil Code as set forth in the cases herein cited.

As no contention is made that the amount allowed is excessive, it follows that the allowance made by the trial court should be approved and the order is therefore affirmed.

Finch, P. J., and Hart, J., concurred.