Mr. Chief Justice Marshall.
 

 delivered the opinion of the Court:—
 

 This suit was brought in the Circuit Court for the District of Columbia, sitting in the county of Alexandria, to subject the lands of George Deneale to the payment of a debt for which he. was surety. The sole question arises on the construction of his will. The'complainants contend, that it charges his lands with his debts.
 

 By his will, the testator gives to his wife “ all his estate real and personal, during .her life, for the use and purpose of raising and educating his children,' until they respectively are twenty-one.” He directs, that each child shall, at that age, become entitled to an equal portion of his estate, both real 'and personal, '“subject each to a deduction of one-third of the same,” to be retained for the support and maintenance of his wife. Jle recommends, to his wife, to sell the negroes for a term of years. He directs that an appraisement only of his
 
 *589
 
 estate “ shall be made, that no sale óf furniture' shall take place.”. He then states, that he is indebted to no'oné, and purposes to continue so. He states, that lie is Surety for his 'brother- James, for two sums, for which lie has a deed of trust on his property, sufficient, he-hopes,-to pay-the same. He then directs that his estate shall not be sold to páy these debts, until-the property so, deeded shall be sold, when -his estate-must be charged with any deficiency.' He directs that his executor and , executrix should not give security, as.his own debts did'not' requireit.,
 

 That the word “ estate” is sufficiently' comprehensive to, embrace property of every description, and will charge, lands with' debts, if used with other words which indicate an intention to charge them, is a proposition which cannot be" contro-. ver.ted. As little.is it to be'denied, that the word alone, -if not used with an intent to subject the lands of the testator to the payment of his debts, cannot- have that effect.
 

 In the will under consideration, thé t-éstator alludes in-two instances to his property, generally; in both hfe uses the-words “estate,” both “real and pérsonal.” In the next instance, the word estate is introduced alone,.in the clause which follows:
 

 “ item, I do hereby direct,-that an appraisement only of my estate be made, and that no sale of furniture shall take .place.”
 

 In Virginia, lands are nevér appraised, and the law directs a sale of all perishable, articles. When, therefore, the testator directs that an appraisement only of his estate be made, and that no. sale of furniture shall take plaoe, he obviously applies • the .term, exclusively, to that kind of property, the appraisement of which is directed by law, and is usual; and, by adding the word “ only,” restrains his executors from selling, that property which is directed by law to be sold. In this clause', the word estate is plainly confined to' personalty. He then -speaks of the debts for which he is- surety for Kis brother James, and directs that his “estate” shall not be sold to pay .these debts, until the property conveyed to,'him in trust shall be -exhausted. This direction is obviously restrictive. It restrains the executors from using a power'.they'possess under the'law. That power is to sell the personal estate for the payment of debts, but it does not extend to the sale of lands; con-sequently, the word estate, in this' place, also designates only personal estate. After this prohibition to sell his estate; until the trust property should bé all applied to the object, he adds, “ when my estate must -be charged with any deficiency.”
 

 There is no foundation for the Opinion, that the testator has used the word estate, in this part of the sentence, in a.different sense from that in which it was used in the sume' sentence im
 
 *590
 
 mediately before, while treating of the same subject. The. same estate, the sale'of which he had just forbidden until a particular event should take' place, must, he says,, be sold wheh that evént shall take place. He means only, his personal estate*
 

 .Jt would, we think, be1 an entire perversion of the language used by the testator, to.construe these words a charge upon his'estate. He does not intend to create any liability, which thé law had not created. - When the trust property shall be exhausted, his estate, he says,' “must be charged with the deficiency.” He can no longer prevent its sale.'
 

 We think- there is no error in. the decree, which declares* that-the will of George Deneale does not chárge his real estate with -his debts, and that the. bill of the complainants- be dis-, missed, with Costs, 'and that the said decree be affirmed.