[L. A. No. 427.   Department Two.—July 21, 1898.]

EMILY J. HIGGINS, Respondent, v. H. M. HIGGINS et al., Defendants.   SAN DIEGO SAVINGS BANK, Appellant.

HUSBAND AND WIFE—AGREEMENT FOR SEPARATION—ANNUITY CHARGED UPON HUSBAND'S ESTATE—NOTICE TO MORTGAGEE.—An agreement for separation between husband and wife, providing for the payment of an annuity to the wife during her life, to constitute a lien upon his "estate," which is duly acknowledged and recorded, creates a lien upon all of the lands of the husband for arrearages of the annuity, and is notice to a subsequent mortgagee of particular lands belonging to the husband, and entitled to priority over the mortgage.

ID.—CONSTRUCTION OF AGREEMENT—MEANING OF "ESTATE"—IDENTIFICATION OF LANDS—EVIDENCE.—The term "estate" used in the agreement for separation to denote the subject of the lien, though having a diversity of legal meanings, is to be understood in the sense which will accomplish and not defeat the obvious purpose to create a lien, and as comprehending property susceptible of being impressed with a lien, and, being used without qualification, includes all the lands of the husband.   Failure to indicate the locality of the lands, or specifically to describe them, is not fatal to the lien; but the principle that "that is certain which is capable of being made certain," is applicable; and extrinsic evidence is admissible, under proper pleading, to identify the property.

APPEAL from a judgment of the Superior Court of San Diego County.   J. W. Hughes, Judge.

The facts are stated in the opinion.

N. H. Conklin, for Appellant.

A. H. Sweet, for Respondent.

BRITT, C.—Defendant H. M. Higgins and the plaintiff, Emily J. Higgins, husband and wife, entered into a contract in writing of date April 9, 1891, whereby they agreed, among other things stipulated, to live apart, and the husband agreed to pay the wife the sum of six hundred dollars per year during her life; such contract contained the following clause: "The payment of said annuity to be a binding and continuing obligation upon the said H. M. Higgins and upon his executors, administrators, and assigns, and to constitute a lien upon his estate during his lifetime, and after his death during the lifetime of the said Emily J. Higgins." The instrument was duly acknowledged and was recorded on November 12, 1894, in the office of the county recorder of San Diego county, in which county certain lands owned by said H. M. Higgins were situated. Subsequently, H. M. Higgins made to the defendant San Diego Savings Bank a mortgage of the lands aforesaid to secure his promissory note to the bank for the sum of five thousand dollars. Plaintiff sued in this action to recover arrears of the said annuity and to subject the said lands—particularly described in her complaint—to sale for the payment thereof. The court below held that plaintiff had a first lien on the land, in virtue of said contract with her husband and notice thereof to the subsequent mortgagee, and rendered judgment accordingly. The bank appealed.

Appellant insists that the language of said contract is so uncertain for want of definite description of property to be affected that no lien was or could be created thereby, nor any notice of a lien imparted to subsequent encumbrancers. It must be allowed that considerable force of argument and some decided cases support this contention. (See *Herman v. Deming,* 44 Conn. 124; *De Wolf v. Sprague Mfg. Co.,* 49 Conn. 282; *Green v. Witherspoon,* 37 La. Ann. 751.) But the prevailing judicial view, well enough justified, perhaps, in legal principle, is that deeds and mortgages describing the property to be conveyed or encumbered in terms essentially similar (for purposes of the question here) to those employed in the contract of Higgins and wife, are not void for want of greater particularity, but suffice to pass title or impose a charge according to the apparent intent, extrinsic evidence being admitted, under proper pleading, to

identify the property. (*California Title etc. Co. v. Pauly,* 111 Cal. 122; *Pettigrew v. Dobbelaar,* 63 Cal. 396; *Wilson v. Boyce,* 92 U. S. 320; *Clifton Heights Land Co. v. Randell,* 82 Iowa, 89; *Leslie v. Merrick,* 99 Ind. 180; *Roehl v. Haumesser,* 114 Ind. 311; *Witt v. Harlan,* 66 Tex. 660; *Drew v. Carroll,* 154 Mass. 181; *Mobile etc. R. R. Co. v. Talman,* 15 Ala. 472.) The objection that the description of property must be specific in order to satisfy the definition of a mortgage in our statute (Civ. Code, sec. 2920) is met by the principle which pervades the cases cited that that is certain which is capable of being made certain. True, the term "estate" used in this contract to denote the subject of lien, has in law a diversity of meaning; but it should be understood here in the sense which will accomplish and not defeat the obvious purpose to create a lien, viz., to comprehend property susceptible of being impressed with a lien; as it was used without any qualification it included all the lands of the husband. (*Archer v. Deneale,* 1 Pet. 585; *Pulliam v. Pulliam,* 10 Fed. Rep. 40.) Failure to indicate the locality of the property was not fatal. (*McCullough v. Olds,* 108 Cal. 529.) It may be, as the court below ruled, that no lien was created against personalty; the contract was not executed in the manner of a mortgage of chattels under the statute; but in our opinion it was effectual to charge a lien on lands, and the judgment should be affirmed.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.                McFarland, J., Temple, J., Henshaw, J.