[Civ. No. 1758.   Second Appellate District.—October 6, 1915.]

# EDITH M. MURRAY, Respondent, v. ROBERT D. MURRAY, Appellant.

DIVORCE—ADULTERY—ASSIGNMENT OF COMMUNITY PROPERTY.—When a decree of divorce is rendered on the ground of adultery the community property is required to be assigned to the respective parties in such proportions as the court, from all the facts of the case and the condition of the parties, may deem just.

ID.—SETTLEMENT CONTRACT—VALIDITY OF.—Upon this appeal from the portion of the judgment which disposed of the community property of the parties differently from the provisions of a contract settling their property rights, it is held that the evidence fails to show that such contract was void on the alleged ground that it was procured by the coercion, intimidation, and undue influence of the husband.

ID.—HUSBAND AND WIFE—CONTRACTS CONCERNING PROPERTY.—Either husband or wife may enter into any agreement with the other, or with any other person, respecting property, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title of the Civil Code on trusts.

ID.—UNDUE INFLUENCE—PROTECTION OF LEGAL RIGHTS.—Standing upon one's legal rights for the protection thereof cannot be recognized as coercion, intimidation, or undue influence of any other person.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. E. N. Rector, Judge presiding.

The facts are stated in the opinion of the court.

Lewis R. Works, C. Hughes Jordan, Works & Jordan, and Eugene D. Williams, for Appellant.

Randall, Bartlett & White, and Randall & Bartlett, for Respondent.

CONREY, P. J.—From the evidence in this case we infer that the action was commenced on November 21, 1911. An amended complaint based on a charge of adultery was filed on February 14, 1912. In that complaint no reference was made to property interests of the parties. On April 8, 1912,

the cause came on for hearing upon default of the defendant. Thereafter, on October 4, 1912, an interlocutory judgment was signed by Hon. Charles Monroe, the judge of the superior court who had heard the evidence in April. This decree, entered on October 7, 1912, contained no reference to the property interests of the parties. On April 19, 1912, the plaintiff filed a supplemental complaint describing certain property acquired by the parties by their joint efforts since their marriage, and praying that such portion of the community property be allowed and set apart to plaintiff as her separate property for her support and for the support of the minor children, as should be found equitable and just. In answer to the supplemental complaint the defendant set up a certain contract in writing entered into between plaintiff and defendant on or about December 4, 1911, agreeing upon a division of said property and incidentally providing for the payment of certain sums of money, in the aggregate amounting to five thousand dollars, to be paid by plaintiff to defendant.

Thereafter, at some time prior to August 30, 1912, the case was brought to trial before Hon. E. N. Rector, judge presiding, upon the issues raised by the supplemental complaint and answer thereto. By judgment entered October 3, 1912, and pursuant to findings filed August 3, 1912, the said articles of agreement of date December 4, 1911, were declared to be void and a disposition of the property was made other and different from that provided for in said agreement.

At the trial before Judge Rector no evidence was received concerning plaintiff's right to a divorce. The defendant moved for a new trial, which we will assume related to the case as heard by Judge Rector, although the bill of exceptions does not contain the motion for new trial or the notice of such motion. This motion was denied by Judge Rector on April 18, 1913. The defendant appeals from the judgment entered October 3, 1912, and from the order denying said motion for a new trial.

The record does not definitely show that prior to the hearing before Judge Rector any decision of the principal case had been made by Judge Monroe; but we will assume as do counsel for both appellant and respondent that at the close of the hearing before Judge Monroe, in April, 1912, he announced a decision in favor of the plaintiff, and that the

judgment approved by him and entered on October 7, 1912, was merely a completion on the record of the decision so announced by him.

A record thus made up is a conspicuous illustration of confusing irregularities in the conduct of the case. But again we will assume with counsel for these parties that these two so-called judgments are in substance one judgment establishing the plaintiff's right to a divorce and adjusting the property rights of the parties; and that the appeal from the judgment is not from the whole thereof, but is an appeal from that part of the judgment entered under the direction of Judge Rector.

When a decree of divorce is rendered on the ground of adultery the community property is required to be assigned to the respective parties in such proportions as the court, from all the facts of the case and the condition of the parties, may deem just. (Civ. Code, sec. 146.) "Either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried; subject, in transactions between themselves, to the general rules which control the actions of persons occupying confidential relations with each other, as defined by the title on trusts." (Civ. Code, sec. 158.) "A husband and wife cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree, in writing, to an immediate separation, and may make provision for the support of either of them and of their children during such separation." (Civ. Code, sec. 159.) From the agreement shown in the record and the code provisions above set forth, it is manifest that the contract of December 4, 1911, was a valid contract with which the court in this action could not interfere, unless from the evidence the court was authorized to find, as it did, that the contract "was obtained by coercion, intimidation, and undue influence." An examination of the record which sets forth the evidence received at the hearing before Judge Rector, fails to show either coercion, intimidation, or undue influence exercised by the defendant upon the plaintiff with respect to the making of said contract. On the contrary, it very definitely and clearly shows that the contract and its terms were dictated by the plaintiff and submitted to by the defendant. The negotiations were conducted by letters which the par-

ties sent to each other by their children and without any personal interview between plaintiff and defendant. The principal item of property belonging to them was a hotel which they held under lease and were conducting as a business, and in which they lived with their two children who were respectively 17 and 20 years old. On the day of the commencement of this action the defendant stated to one of the children that he would not leave the hotel premises unless the plaintiff would first pay him eight thousand dollars. This information being conveyed to the plaintiff, she responded by offering to pay five thousand dollars in certain installments. The defendant accepted this offer and specified that he was to have seven per cent interest on certain deferred payments. The plaintiff responded the next day, requesting that the interest be reduced to six per cent, and this change was consented to by the defendant. Thereupon the written agreement was prepared by plaintiff's attorneys and was signed by the respective parties. Throughout the negotiations the plaintiff had the advice and assistance of her attorneys, and the defendant acted without counsel. All changes made as the negotiations progressed were the changes requested by the plaintiff. The fact that the defendant would not leave the hotel property until after the settlement was made did not constitute either coercion, intimidation, or undue influence exercised by him. The hotel property was community property, and the defendant had a legal right to remain in possession until removed by some competent order of court in connection with its disposition of the case on its merits. Standing upon one's legal rights for the protection thereof cannot be recognized as coercion, intimidation, or undue influence of any other person.

It appears from the evidence that the plaintiff was fully acquainted with the hotel property and very well acquainted with the business thereof, which for years she had helped to conduct; that she accepted the benefits of the contract and made no objection thereto until after the hearing of the principal case before the court on April 8, 1912. At about that time in some way she came to the conclusion that she could gain a greater advantage in the case by setting aside the contract which she had made. Thereupon the supplemental complaint was filed, for which, according to our view of the evidence, there was no just foundation in fact.

The judgment appealed from (that is to say, that portion of the entire judgment entered October 3, 1912), is reversed, and the order denying defendant's motion for a new trial of the said action upon the issues formed by the supplemental complaint and the answer thereto, is reversed.

James, J., and Shaw, J., concurred.