[S. F. No. 9713. In Bank.—April 12, 1922.]

## WILLIAM E. HOGARTY, Appellant, v. MARY E. HOGARTY, Respondent.

[1] DIVORCE — CRUELTY — ALIMONY—COMMUNITY PROPERTY.—In an action for divorce by a husband on the ground of cruelty there is no statute providing for a payment of alimony, but in such an action the community property may be divided as the court sees fit.

[2] ID.—PROPERTY SETTLEMENT—MONTHLY ALLOWANCE TO WIFE— TERMINATION OF—JURISDICTION.—Where a suit for divorce was brought by a husband and granted on the ground of extreme cruelty, and by an agreement between the parties, which agreement was embodied in the interlocutory decree, the wife conveyed to the husband all her right in the community property, the husband agreeing to pay her a monthly allowance until her remarriage or death, or until set aside by the court for misconduct on the part of the wife, the allowance must be considered as a part of the property settlement, and the court retains jurisdiction to terminate it upon finding the wife guilty of the misconduct referred to in the agreement.

[3] ID.—AGREEMENT—VALIDITY OF.—Such an agreement, when untainted by fraud, collusion, or the like, is valid, and when made a part of the decree is binding on the parties as a part thereof.

---

1. Allowance of alimony or suit money to husband in action for divorce, notes, 19 Ann. Cas. 1142; Ann. Cas. 1915B, 794; 34 L. R. A. 115; 25 L. R. A. (N. S.) 234.

APPEAL from an order of the Superior Court of Alameda County denying a motion to modify an interlocutory decree of divorce by setting aside the provision for the payment to the wife of a monthly allowance. T. W. Harris, Judge. Reversed.

The facts are stated in the opinion of the court.

L. R. Weinmann and Augustin Donovan for Appellant.

Joseph P. Lacey for Respondent.

LAWLOR, J.—The plaintiff appeals from an order denying his motion to modify an interlocutory decree of divorce.

Appellant, William E. Hogarty, and respondent, Mary E. Hogarty, were married January 11, 1892, and on July 10, 1918, appellant commenced a suit for divorce on the grounds of desertion and extreme cruelty. On April 3, 1919, an interlocutory decree was granted on the ground of extreme cruelty alone, and on April 6, 1920, the court entered its final decree of divorce. No appeal from either judgment was taken.

On March 18, 1919, appellant and respondent entered into an agreement settling their property rights, which agreement was embodied in the interlocutory decree. By the terms of this agreement and the decree, respondent conveyed to appellant all her right in their home, which was community property, and upon which, it appears, a homestead had been declared. Appellant agreed to pay respondent thirty dollars a month "until the remarriage or death of defendant, or until set aside by the above-entitled court for misconduct on the part of the defendant."

On August 20, 1920, appellant moved for an order modifying the interlocutory decree by setting aside the provision that appellant pay respondent thirty dollars a month. The motion was based on alleged misconduct on the part of respondent, which the court, from the evidence, found to have occurred. The court denied the motion upon the ground that the provisions sought to be modified "were based upon an agreement for the settlement of property rights whereby the major part of the community property was given to the plaintiff by said property settlement in lieu of said alimony

provision of thirty dollars per month, and that in such case the court cannot modify the interlocutory decree even upon a finding that the defendant has been guilty of misconduct and that this court has no jurisdiction to modify said decree notwithstanding the said parties have agreed to and stipulated that said provisions for alimony contained in said interlocutory decree might be modified and set aside by the court.'' From that order this appeal is taken.

[1] Appellant contends that in an action for divorce by a husband on the ground of cruelty there is no statute providing for a payment of alimony, but that in such an action the community property may be divided as the court sees fit; that, therefore, this payment must be regarded as a property settlement; that the court had the power to impose terms on the payment, and that the court in cutting off the payment is really enforcing the decree.

We are of the opinion that appellant's position is correct. The payment in question cannot be regarded as alimony, for alimony is only allowed *pendente lite,* nor is it a permanent allowance under section 139 of the Civil Code, for such an allowance is only made where the divorce is granted for an offense of the husband. (*Ex parte Spencer,* 83 Cal. 460 [17 Am. St. Rep. 266, 23 Pac. 395].) [2] This allowance must therefore be considered as a part of the property settlement. Since the court might have granted all the community property to appellant absolutely (Civ. Code, sec. 146), without any provision for an allowance to respondent, the divorce having been granted for cruelty, respondent cannot complain because the allowance made by the court was granted upon a condition.

It was held in *Cohen* v. *Cohen,* 150 Cal. 99 [11 Ann. Cas. 520, 88 Pac. 267], that " 'Where a wife has obtained an absolute divorce carrying with it the privilege of a remarriage, and permanent alimony is decreed to her, it is generally held that the husband, upon her subsequent remarriage, may secure an order vacating the decree as to alimony.' (14 Cyc. 787, and citing cases.) There is a qualification of this rule, generally adverted to in the cases cited, to the effect that such a remarriage does not authorize a vacation of the decree for alimony, where it is given as a substitute for, or in lieu of, the wife's rights, at the time of the decree, in the property of the husband, or in the

community property, or in property which he acquired from her by the marriage.'' The same considerations must apply to a case where a permanent allowance in lieu of a property settlement was ordered set aside for the subsequent misconduct of the wife, as is the case here. However, this case presents a different question, for here the court reserved the right to cut off the payments upon misconduct, in accordance with the agreement of the parties. **[3]** Such an agreement, when untainted by fraud, collusion, or the like, is valid (*Stoff* v. *Erken,* 25 Cal. App. 528 [144 Pac. 312] ; *Murray* v. *Murray,* 28 Cal. App. 533 [153 Pac. 248]), and when made a part of the decree is binding on the parties as a part thereof. (*Duncan* v. *Duncan,* 175 Cal. 693 [167 Pac. 141].) It was clearly pointed out in the latter case that the settlement of property rights and the granting of the decree of divorce itself are separate matters which may be considered independently of each other. In *Ex parte Ambrose,* 72 Cal. 398 [14 Pac. 33], it was held that the court need not determine the question of the property settlement at the time the decree of divorce is granted, but may retain jurisdiction and settle that question later. This, in effect, is what was done here. The court, in accordance with the agreement of the parties and its decree, retained jurisdiction over the property in the action, and reserved jurisdiction to decide, at a subsequent time, whether the allowance should continue, depending on respondent's conduct. Having made such a condition a part of its judgment, the court has jurisdiction to enforce it as a part thereof by ordering the payments discontinued. Therefore, the court was in error in refusing to grant the motion on the sole ground assigned—that it lacked jurisdiction to make the order. Since the specific acts of misconduct were found to have been committed, and this finding is not questioned by respondent, the court was at liberty to grant the relief if in its opinion the misconduct was so grave as to justify the withholding of the allowance.

For that reason the order must be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

Order reversed.

Wilbur, J., Sloane, J., Waste, J., Shaw, C. J., and Shurtleff, J., concurred.