[Civ. No. 8983.   Second Appellate District, Division Two.—December 31, 1934.]

JESSIE SANBORN, Respondent, v. MAX MERRILL SANBORN, Appellant.

Willebrandt, Horowitz & McCloskey and Fred Horowitz for Appellant.

J. H. De La Monte and Ralph D. Brown for Respondent.

WILLIS, J., *pro tem.*—The parties herein, formerly husband and wife, executed an agreement authorized by sections 158 and 159 of the Civil Code wherein provision was made for monthly payments by appellant to respondent in a specified sum for support, and wherein it was agreed that the obligation to make such payments ''is secured by a lien upon the income'' of certain real property owned by appellant, and that ''the rents, issues and profits therefrom are charged and impressed with the payment of the amounts hereinbefore provided to be paid''. Upon this contract respondent brought suit to recover alleged arrearages. A general demurrer was interposed and overruled. Appellant in his answer pleaded lack of consideration, illegality of the agreement by reason of a contemporaneous oral promise of respondent to obtain a divorce as consideration for execution thereof by appellant, and *res judicata* by reason of subsequent divorce proceedings. Judgment was entered for respondent from which this appeal is taken.

The general demurrer was properly overruled. The agreement was incorporated in the complaint by reference, and appellant contends that the complaint therefore revealed that the agreement sued upon constituted a mortgage

and that respondent's sole remedy was to foreclose under the provisions of section 726 of the Code of Civil Procedure. The provisions relating to the lien in the agreement are pleaded by reference only, and as pleaded the instrument does not show upon its face in direct terms all the facts essential to constitute the same a mortgage; nor was any construction put upon it by other averments in the complaint to establish the lien therein described as a mortgage. (*Silvers* v. *Grossman*, 183 Cal. 696 [192 Pac. 534].) . In the absence of a special demurrer on the ground that it was doubtful or uncertain therefrom whether the debt sued upon was secured by mortgage, the complaint was sufficient to support a judgment for debt. (*Hibernia Sav. & Loan Soc.* v. *Thornton*, 117 Cal. 481 [49 Pac. 573].)

Resort to the terms of the instrument reveals that the language describing the lien therein provided did not contain the essentials to constitute a mortgage lien. No words of conveyance or transfer of an interest in property as security appear therein. Every lien is not a mortgage, and the lien described in the instrument herein is clearly not a mortgage and respondent was free to enforce payment of the debt arising under this agreement without any foreclosure of the lien. (*People's Home Sav. Bank* v. *Sadler*, 1 Cal. App. 189 [81 Pac. 1029].) There is nothing in the decision in *Higgins* v. *Higgins*, 121 Cal. 487 [53 Pac. 1081, 66 Am. St. Rep. 57]), relied upon by appellant, in conflict with the views above expressed. In that action the wife sued to foreclose a similar lien, and the sole question on appeal was whether the property subjected to the lien was sufficiently described. The court therein did not decide whether the lien in that case was a mortgage lien or not, nor was section 726 of the Code of Civil Procedure mentioned therein.

The trial court, upon a substantial conflict of evidence, found that no promise to obtain a divorce was made by respondent as consideration for the agreement. This finding appellant attacks upon the ground that the testimony of respondent and her witness was so inherently improbable as to be unworthy of belief or to possess weight, and that appellant's contrary testimony should prevail. Mere contradictions of the testimony of a witness will not suffice to constitute inherent improbability or to destroy

its weight. The weight and sufficiency thereof were peculiarly within the province of the trial court for decision (*People* v. *Raich*, 26 Cal. App. 286 [146 Pac. 907] ; *People* v. *Becker*, 140 Cal. App. 162 [35 Pac. (2d) 196]), and under the well-known rule this court will not disturb a finding of the trial court on a fact concerning which there is a substantial conflict in the evidence. The evidence herein is quite sufficient to support the questioned finding, and as there is nothing in the agreement which on its face shows that it is *contra bonos mores*, it follows that the court's conclusion that it was legal and valid is supported.

Appellant contends that inasmuch as the court in its decree in the divorce action between the parties did not expressly approve the agreement in question, it is for that reason invalid, and cites a number of cases decided by our appellate courts wherein it is said that "such pretended agreements, if they are to have any force, must be subjected to the examination of the divorce court, and derive their sanction from the decree made by the court, with a knowledge of the facts". The foregoing quoted expression first appeared in the case of *Loveren* v. *Loveren*, 106 Cal. 509 [39 Pac. 801], and was a quotation from a Missouri decision (*Speck* v. *Dausman*, 7 Mo. App. 165). It has been quoted and used several times since in other decisions of our appellate courts but always in a divorce case. There is a marked distinction between the rule which governs in an action, other than divorce, on a contract executed under authority of sections 158 and 159 of the Civil Code and the rule which governs such contracts when presented to a divorce court. In the former instance they are judged by the same rules as any other ordinary contracts between individuals occupying fiduciary relations, and if found to be valid are binding on the parties and are recognized and enforced by courts; while in the latter instance, because of the unlimited power vested in the divorce court to make disposition of community property and to award support, such contracts, when pleaded and relied upon, are not binding or conclusive on the divorce court until subjected to examination of the court in the divorce action and approved. (*Moog* v. *Moog*, 203 Cal. 406 [264 Pac. 490].) Contracts between husband and wife under the provisions of sections 158 and 159 of the Civil Code, being authorized by

law, are valid if untainted by fraud, collusion, undue influence or not *contra bonos mores,* or the like. (*Hogarty* v. *Hogarty,* 188 Cal. 625 [206 Pac. 79]; *Murray* v. *Murray,* 28 Cal. App. 533 [153 Pac. 248].) It has never been held that to acquire and possess validity such contracts must necessarily first be approved by a divorce court. The effect of the decisions relied on by appellant is simply that, as against the power of the divorce court in the matter of disposition of community property and awarding support, such contracts have no effect or control in the divorce case until sanctioned and adopted by the court either in whole or in part. Such sanction, however, is not necessarily a prerequisite to validity of such an agreement when sued upon in an independent action to enforce its terms.

■ Appellant further contends that the validity of the agreement was an issue in the divorce case, and that the divorce court, having failed to expressly approve the same in its decree, in effect decided that such agreement was void and that the doctrine of *res judicata* bars relief herein. Respondent claims that on the same divorce case record it appears that the agreement was approved by the court. We do not agree with either of these contentions. The divorce complaint stated a cause of action for divorce on the ground of desertion, alleged there was no community property, no children, and did not allege any facts relating to support. There was an allegation that respondent had made a property settlement with appellant, and the complaint incorporated the agreement here in question by reference. The prayer was for divorce and general relief, couched in the conventional form. Default of the appellant was entered for failure to answer. After a trial the court found that all the allegations of the complaint were true and that respondent was entitled to a divorce. The usual interlocutory and final decrees were entered. It is clear from this record that the issue of validity of the agreement was not before the court. The reference in the complaint to the agreement was irrelevant, redundant and surplusage, and conferred no jurisdiction upon the court to entertain and pass upon the same. ■ Jurisdiction to consider and approve such agreements in a divorce court depends on the power to dispose of community property or to award support. Where in a default divorce case it is admitted by the

pleadings that there is no community property and no application for support is made by the complaining party, the court has no power in such case to consider those matters; and this necessarily results in excluding power to consider and determine the validity of any previous property settlement of the parties. The trial court herein adopted and followed this conception of its powers and ignored the agreement. It was neither approved nor disapproved and is, therefore, not subject in this action to any of the limitations of the doctrine of *res judicata*.

Finding no error in the action of the trial court the judgment must be affirmed, and it is so ordered.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 28, 1935.