[L. A. No. 19617.   In Bank.   Feb. 4, 1947.]

JEAN ANN ADAMS, Respondent, v. GEORGE BRYAN ADAMS, Appellant.

Courtney A. Teel for Appellant.

David A. Matlin and H. Elliot Pownall, Jr., for Respondent.

TRAYNOR, J.—Defendant appeals from an interlocutory judgment of divorce providing for support and maintenance of plaintiff until further order of the court.

Plaintiff and defendant separated. One month later they executed a "Property Settlement Agreement" providing for the division of all their property and for the support and maintenance of plaintiff and their minor child. Support and maintenance were to cease for plaintiff after 18 months but were to continue thereafter for the child. The agreement stated that plaintiff, "in view of her skill and training as an experienced secretary, and by reason of her ability to become gainfully employed, particularly waives any right to support and maintenance other than, or in addition to, that provided herein in view of the premises and in consideration of [defendant's] agreement to transfer and assign to [her] the major portion of the community property as hereinabove set forth." Earlier in the agreement it was stated that "except as hereinafter specified, each party hereto is hereby released and absolved from any and all obligations and liabilities for the future acts and duties of the other . . . including all claims of either party upon the other for support and maintenance as wife or husband . . . it being understood that this instrument is intended to settle the rights of the parties hereto in all respects."

Several months after the execution of this agreement, plaintiff sued for divorce on the ground of cruelty. She prayed for custody of the child, support and maintenance as set out in the agreement, approval of the property settlement agreement, and such other equitable relief as the court deemed just. At the trial of the action, which was uncontested, plaintiff stated that she had received her share of the property under the agreement, as well as payments of support and maintenance, and that the agreement was acceptable to her. In reply to questions by the court, she revealed that she was not employed at the time of the trial and that her husband earned "around $400.00 a month." The court then declared, "Call your next witness. The Court is not going to approve the property settlement." Plaintiff's counsel persisted, however, in showing that plaintiff earned her own living before the marriage and that she worked "for a while" subsequent to the separation, earning $155 per month.

The trial court, after completion of the testimony of the corroborating witness, inquired whether defendant's counsel was in the courtroom. Plaintiff's counsel replied that he did not think so but "I know we spent some time to get this property settlement. It has been after constant negotiation for two months." The trial judge replied that defendant should be advised to stipulate to an amendment of the agreement to provide that the $50 per month until further order of the court was for the support and maintenance of plaintiff as well as the child. "If he refuses to stipulate, serve him with an amended complaint in which that is requested in the prayer, and at that time this Court will make that order."

Defendant refused to stipulate to the change and, about four months later, plaintiff's motion for leave to file an "Amendment to Complaint to Conform to Proof" was heard. This amendment added the words "of plaintiff and" to the prayer, thereby changing it to read, ". . . and then the sum of Fifty Dollars ($50) per month for the support and maintenance of plaintiff and of said minor son, Bryan George Adams." Defendant's counsel appeared specially to question the jurisdiction of the court to allow such an amendment, but the motion was granted. The amendment was served on defendant and he defaulted. The trial court approved the property settlement "except as to the limitation therein with reference to the payments of $50.00 per month," awarded custody of the child to plaintiff, and awarded support and

maintenance as requested in the amendment to the complaint. Plaintiff, therefore, obtained permanent support although the agreement provided for her support for a period of 18 months only.

Defendant contends that the property settlement agreement is valid and, in the absence of a finding that it is inequitable or was procured by fraud or compulsion, should have been approved by the trial court. We agree with his contention.

■ Property settlement agreements occupy a favored position in the law of this state and are sanctioned by the Civil Code. (*Hill* v. *Hill*, 23 Cal.2d 82, 89 [142 P.2d 417] ; *Hensley* v. *Hensley*, 179 Cal. 284, 287 [183 P. 445] ; Civ. Code § 158, 159.) Such agreements are usually made with the advice of counsel after careful negotiations, and the courts, in accord with legislative sanction, prefer agreement rather than litigation. (*Hill* v. *Hill*, supra at p. 89.) When the parties have finally agreed upon the division of their property, the courts are loath to disturb their agreement except for equitable considerations. A property settlement agreement, therefore, that is not tainted by fraud or compulsion or is not in violation of the confidential relationship of the parties is valid and binding on the court. (*Hough* v. *Hough*, 26 Cal.2d 605, 614 [160 P.2d 15] ; *Hogarty* v. *Hogarty*, 188 Cal. 625, 628 [206 P. 79] ; *Estate of Belknap*, 66 Cal.App.2d 644, 651-652 [152 P.2d 657] ; *Baxter* v. *Baxter*, 3 Cal.App.2d 676, 681 [40 P.2d 536] ; *Brown* v. *Brown*, 83 Cal.App. 74, 82 [256 P. 595] ; *McCahan* v *McCahan*, 47 Cal.App. 176, 183 [190 P. 460].)

■ The most difficult problems arising from such contracts are those concerning support and maintenance provisions when the agreement is presented to the court in a divorce action. The parties, upon separation, may agree to provide for support and maintenance in a variety of ways, which generally fall into three categories. The first includes contracts in which the support and maintenance provisions are in the nature of alimony, whether in lump sum or monthly payments, and are separable from the provisions that divide the property. The contract may even provide solely for support and maintenance without reference to a division of property. These contracts, if equitable, are enforceable even though not presented to the court in a divorce action. (*Sanborn* v. *Sanborn*, 3 Cal.App.2d 437, 442 [39 P.2d 830].) ■ If presented to a court in an action for divorce the court has the power to modify the pro-

visions for alimony before or, if the provisions are incorporated in the decree, after judgment in accord with its power over alimony generally. (*Hough* v. *Hough,* 26 Cal.2d 605, 613 [160 P.2d 15].)

The second category includes, among others, contracts in which the "support and maintenance" provisions are not in the nature of alimony but are part of the division of property. This category also includes contracts that provide solely for the payment of monthly or lump sums "in lieu of community property." Such contracts must be treated like other property settlement agreements dealing solely with divisions of property. (*Ettlinger* v. *Ettlinger,* 3 Cal.2d 172, 177-178 [44 P.2d 540].) If the contract was not fraudulent when made, and there was no violation of the confidential relationship, it will be binding on the court and there can be no modification of the payments after the decree without the consent of the parties. (*Puckett* v. *Puckett,* 21 Cal.2d 833, 840 [136 P.2d 1].) The court in the divorce action may grant alimony to the wife and approve the agreement as well, since these agreements purport to deal only with the division of the property of the parties. (Civ. Code, § 139; see *Puckett* v. *Puckett, supra* at p. 841.) It is often difficult to determine, in a contract containing provisions for division of property and payments of "support and maintenance," whether the payments are part of the division of property or are in the nature of alimony. "It would be better practice to have that determination clearly and concisely made by the trial court when it renders the decree of divorce. Considerable confusion and uncertainty could be avoided in that fashion. The court could examine the agreement, the circumstances under which it was made, and the nature and value of the property as related to its division and the amount of the periodic payments giving consideration to the statutory rules on the subject." (*Hough* v. *Hough, supra* at p. 615; *Puckett* v. *Puckett, supra* at p. 841.)

The third category includes contracts in which the wife waives all support and maintenance, or all support and maintenance except as provided in the agreement, in consideration of receiving a more favorable division of the community property. The court cannot add a provision for alimony to such contracts without changing basically the agreement of the parties as to the division of their property. We are confronted with such a situation in the present case.

Plaintiff contends that the trial court did not make a new property settlement agreement for the parties but approved the agreement except for the provision in which she waived all support and maintenance. The waiver, it is urged, is against public policy and the trial court properly exercised its discretion in awarding support and maintenance in the nature of alimony. She relies upon *Moog* v. *Moog*, 203 Cal. 406 [264 P. 490], and *Smith* v. *Smith*, 94 Cal.App. 35 [270 P. 463], to support this contention. *Moog* v. *Moog* was concerned with a contract that had been made six years before the action for divorce, apparently without advice of counsel. The trial court ordered alimony as set out in the contract, but the monthly payments were to begin at once despite the fact that the wife had already received installments in advance for 14 months. The contract contained no waiver and apparently dealt only with alimony. In view of the grossly inequitable character of the contract, owing to changed circumstances at the time of the trial, it was held that the trial court acted within its power in granting the wife additional alimony. In *Smith* v. *Smith* the wife executed a release of all her claims for community property and alimony in consideration of the husband's dismissal of an appeal taken by him from the judgment of divorce. It was there held, in affirming the order of the trial court granting alimony, that the release was not before the trial court when it made its decree. Alternate grounds for the decision were that the release lacked consideration and that it was not a property settlement agreement. These two cases do not support plaintiff's contention. The contract before the trial court in the present case was clearly one that attempted to settle the property rights of the parties. It contained a waiver of all other payments in consideration of her receipt of the major portion of the community property, and that waiver was inseparable from the remainder of the division of property. A waiver under such conditions is not void *per se*. (*Ex parte Weiler*, 106 Cal.App. 485, 488 [289 P. 645].) This court has often considered agreements containing similar provisions without expressing disapproval of the waiver. (*Puckett* v. *Puckett, supra* at p. 837; *Plummer* v. *Superior Court*, 20 Cal.2d 158, 164 [124 P.2d 5]; *Lazar* v. *Superior Court*, 16 Cal.2d 617, 622 [107 P.2d 249]; *Ettlinger* v. *Ettlinger, supra* at p. 177; *Moran* v. *Moran*, 3 Cal.2d 342, 343 [44 P.2d 546]; *Estate of Boeson*, 201 Cal. 36, 40 [255 P. 800]; *Estate of Brix*, 181 Cal. 667, 677 [186 P. 135]; *Wicker-*

*sham* v. *Comerford,* 96 Cal. 433, 439 [31 P. 358].) In other jurisdictions it is generally held that property settlement agreements may contain such provisions and, if the agreement was valid when made and free from fraud, compulsion or overreaching, the parties are bound by their contract. (*International Trust Co.* v. *Liebhardt,* 111 Colo. 208, 214 [139 P.2d 264, 147 A.L.R. 700]; *Gore* v. *Plair,* 173 Ga. 88 [159 S.E. 698, 700]; *Beard* v. *Beard,* 53 Idaho 440, 452 [24 P.2d 47]; *Hayden* v. *Hayden,* 215 Ky. 299, 301 [284 S.W. 1073]; *Westfall* v. *Westfall,* 208 Mo.App. 656, 659 [236 S.W. 393]; *Lee* v. *Lee,* 55 Mont. 426, 433 [178 P. 173]; see 1 Nelson on Divorce, § 13.44.) ▉ It is true that public policy requires the protection of the wife and that in a divorce action the court in its discretion may award her necessary alimony. (Civ. Code § 139.) Such discretion, however, does not empower the trial court to modify valid agreements of the parties pertaining to the division of their property. The court cannot, as was attempted in the present case, purport to approve the agreement and at the same time order payment of support and maintenance contrary to its terms. ▉ Plaintiff now contends that the agreement did not actually award her the major part of the community property and, since she was not working at the time of the trial, the trial court acted within its discretion in awarding her alimony contrary to the agreement upon the disclosure of defendant's salary. Plaintiff, however, was content with the agreement at the time of the trial and presented no evidence showing that it was unfair, nor was any such evidence elicited by the trial court. Her earning capacity had not been altered and the circumstances of the parties were substantially as they had envisaged them at the time they made the agreement. Further, the court did not set aside the agreement, upon proper showing of fraud, compulsion or inequity, nor was there a reconsideration of the apportionment of the community property.

Both parties rely upon *Darsie* v. *Darsie,* 49 Cal.App.2d 491 [122 P.2d 64]; *Peck* v. *Peck,* 52 Cal.App.2d 792 [127 P.2d 94]; and *Eddy* v. *Eddy,* 64 Cal.App.2d 672 [149 P.2d 187]. These cases were concerned with decrees granting alimony in default actions where there were no requests for alimony in the relief prayed·for. In each case the relief was found to be in excess of that prayed for and the court stated that when the trial court finds that justice requires the payment of support money it should set aside the default and authorize

the filing and service of an amended complaint containing appropriate allegations and prayer for support money, after which it would be in a position to include any appropriate orders in its decree. That question is not before us in this case. Although the court ordered plaintiff to amend her complaint to request permanent support and maintenance, the decree purported to approve the property settlement and ordered permanent support contrary to its terms. If the court considered the agreement valid it should have given relief in accordance with its terms. If, on the other hand, it had to be set aside upon any valid ground at the time of trial, it should not have been made a part of the judgment. (*Majors* v. *Majors,* 70 Cal.App.2d 619, 626 [161 P.2d 494].) *Majors* v. *Majors, supra,* also relied upon by both parties, was concerned with a decree that arbitrarily refused to approve a property settlement agreement, and, at the same time, ordered permanent support contrary to the terms of the agreement. The judgment was reversed because the relief was in excess of that prayed for and the trial court was ordered to approve the agreement on the grounds that neither had objected to its terms and there was no showing of fraud or other invalidity. The mere order by the trial court in the present case causing the complaint to be amended did not remove the inconsistency between the agreement and the decree, and the reasoning in the Majors case on that point (*Majors* v. *Majors, supra* at 626) is in accord with the reasoning herein.

The rule that a wife may waive alimony in return for a more favorable division of the community property so long as the agreement was valid when made does not deprive her of the protection of the courts. A court in a divorce action will carefully scrutinize the agreements, especially where the parties did not have the advice of counsel. The wife, after being advised of her rights by her attorney, might not wish to sign the agreement; if not, she may request that provisions for alimony and the division of the property be made by the court in the divorce action. If her consent to the agreement was procured through fraud or compulsion, or if circumstances are such that the court finds the agreement inequitable, the court may withhold approval of the agreement. In the present case the wife agreed to waive alimony and accept a major portion of the community property and payments for a period of 18 months. Since nothing was shown to indicate that the agreement was inequitable the parties are bound by the agreement.

The judgment is therefore modified by striking from the third paragraph thereof the following: '', except as to the limitation therein with reference to the payments of $50.00 per month'' and by striking from the fifth paragraph thereof the following ''of plaintiff and''. As so modified the judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.