[Civ. No. 3554.   Fourth Dist.   Apr. 17, 1947.]

WILLIAM BRYAN VAUGHN, Appellant, v. LENORE
WILSON VAUGHN, Respondent.

Clyde E. Cate for Appellant.

Ray W. Hays for Respondent.

BARNARD, P. J.—By his complaint filed on March 1,
1946, the plaintiff asked for a divorce from the defendant
on the ground of cruelty. The defendant answered, and also
filed a cross-complaint asking for separate maintenance, and
also that the court approve a contract made by the plaintiff
and, in accordance therewith, award her the sum of $125 a
month for her support and maintenance.

It appears that the plaintiff received a salary of $450 per
month as manager of a certain corporation, plus 5 per cent
of the profits made by the corporation, with $85 per month
in addition for automobile expenses.   The parties had accu-

mulated community property consisting of certain stock in this corporation, household furniture, an automobile, and a few United States bonds.

At the trial, although present in court, the defendant offered no evidence in support of her cross-complaint other than by cross-examination of the plaintiff and by introducing into evidence a contract dated February 25, 1945, signed by the defendant, in which he agreed to pay her $125 per month "until she remarrys or by witness of law has any immoral clandestine relations or affairs," and in which he agreed to keep certain life insurance policies in effect for her benefit.

The court found in favor of the plaintiff on the allegations of cruelty set forth in his complaint, and further found that on February 25, 1945, the plaintiff had entered into a written agreement by which he was required to pay $125 per month to the defendant. As conclusions of law it was found, among other things, that the plaintiff should be required to pay to the defendant $125 per month until she remarries, that the life insurance policies mentioned in the agreement should be kept in force by plaintiff for the benefit of the defendant, and that the community property of the parties should be divided by awarding the corporate stock to the plaintiff and the household furniture and war bonds to the defendant. An interlocutory decree was entered to this effect, with the provision that the plaintiff should be entitled to a divorce. The plaintiff filed notice of appeal from that part of the judgment which ordered him to pay $125 per month to the defendant until she remarries and which provides that he shall keep certain life insurance policies in effect for her benefit. However, in his brief, this appeal is presented on the sole issue that he was entitled to a divorce without the requirement that he pay to the defendant the sum of $125 per month, or any other sum, for her support and maintenance, and that the making of such an award to her was illegal and void.

The appellant's sole contention is that there is no evidence to sustain the finding that he signed the agreement which was introduced in evidence and that, in the absence of an agreement, the court is without power to grant "alimony" to the guilty party against whom a divorce is granted. The principle of law last referred to may be conceded. The appellant, in his testimony, admitted signing an agreement in February, 1945, but when shown the agreement which was introduced in evidence he said he did not know whether or

not the purported signature thereon was his. He said: "I don't know. It looks very much like it." He then said: "I signed an agreement but that doesn't look like it." He did not say that it was not his signature, and he further testified that he could not remember seeing that particular agreement before. The court compared the signature in question with the appellant's admitted signature on the answer to the cross-complaint, and remarked that the one was a counterpart of the other and that "the court can come to no other conclusion but that it is his signature." It was stipulated upon the hearing of this appeal that the original answer to the cross-complaint might be examined by this court as an exhibit and compared with appellant's signature on the questioned agreement. This has been done and we are in accord with the trial court's statement that no conclusion could reasonably be reached other than that the agreement in question was signed by the appellant. In his testimony the appellant further stated that the agreement he did sign was signed on the understanding that the respondent would leave Fresno. The agreement did not so provide, and he did not say that the respondent agreed to leave Fresno at any particular time. In an affidavit sworn to and filed by him on March 22, 1946, in connection with a hearing on the allowance of temporary alimony, he made no mention of such an understanding although he stated that the respondent left Fresno about June 1, 1945. He further stated therein that on or about January 10, 1945, he agreed to pay her $125 a month for her support and maintenance, and that he has fully paid that sum each month to and including March 1, 1946, with the exception that on February 1, 1946, and March 1, 1946, he had paid smaller amounts for the reason that he had been compelled to pay certain bills she had left.

In view of the appellant's equivocal testimony in connection with his signature to the contract which was introduced in evidence, and the comparison of his signature thereon with his admitted signature on the answer to the cross-complaint, we think the court's finding with respect to the execution of this agreement by the appellant is sufficiently sustained. Moreover, the execution of this agreement by the appellant was admitted by the pleadings, and no proof was necessary. The making of a contract by the appellant, by which he agreed to pay to the respondent $125 per month, was alleged in the cross-complaint and enforcement of that agreement was

sought. The answer to the cross-complaint in no way denied the making of that agreement. The execution of the contract was established, and the same was enforceable in this action. (*Hogarty* v. *Hogarty*, 188 Cal. 625 [206 P. 79] ; *Adams* v. *Adams*, 29 Cal.2d 621 [177 P.2d 265].)

The portion of the judgment appealed from is affirmed.

Marks, J., and Griffin, J., concurred.