[Civ. No. 17291.  Second Dist., Div. One.  Mar. 27, 1950.]

OLIVE H. WARREN, Appellant v. JOHN C. WARREN, Respondent.

Roland Maxwell and Paul H. Marston for Appellant.

John M. Sherman for Respondent.

DORAN, J.—On October 17, 1945, appellant wife and respondent husband entered into a property settlement agreement which provided that ''The husband shall pay to the wife for her support and maintenance $150 a month . . . during her lifetime or until she remarries, or until the death of the husband, provided however that subsequent to September 1, 1955, such payments may be modified by the proper court, upon showing of sufficient cause.'' The agreement further obligated the husband to pay $100 for the support and maintenance of the minor child.

It was also agreed that ''The husband shall pay to the wife the sum of $1,000.00 in cash, the same to be forthwith

deposited in escrow for payments in accordance with escrow instructions approved concurrently herewith''; and that ''The husband does hereby sell, assign, transfer and convey to the wife as her separate property,'' a certain vacant lot therein described, and ''the residence real property''; also ''The 1940 Ford Sedan Automobile and the 1935 Dodge Coupé Automobile,'' and ''All household furniture and furnishings . . . except the husband's personal effects, his clothing, his books, his fishing tackle, and his shot gun.'' The husband also agreed to pay $500 to the wife's attorney.

In paragraph VII of the agreement ''Each of the parties in consideration of the agreements of the other herein expressed hereby waives, releases and relinquishes to the other all claims each now may have, or might hereafter otherwise acquire against the other, as husband or wife, or otherwise, arising out of the marital relation.'' And again in paragraph VIII each party releases, relinquishes and waives ''all claims he or she may now have, or hereafter may acquire against the other for support and maintenance, or otherwise, and . . . all rights to administer upon the estate of the other, and . . . any right or claim for family allowance, homestead, support or maintenance, or otherwise . . . and agrees not to claim any interest in the other's property.'' The agreement is signed and acknowledged by both parties and is also signed by their respective attorneys.

An interlocutory judgment of divorce in favor of the wife was entered on February 18, 1946; the husband, represented by an attorney, having consented that the cause be heard as a default. This judgment recites that ''a property settlement agreement between the parties hereto presented to the court for approval, which said agreement is in the following words and figures, to-wit,'' thereafter setting out in *haec verba* the agreement hereinbefore referred to. ''Pursuant to the terms of the property settlement agreement above set forth, which is hereby approved and made a part of this decree in all its terms, provisions and conditions,'' the judgment orders the husband to make the payment of $150 per month to the wife as specified, with the proviso contained in the agreement, ''that subsequent to September 1, 1955, such payments may be modified by the proper court upon the showing of sufficient cause.''

A final judgment of divorce was duly entered on March 5, 1947, which judgment contained the usual provision ''that

wherein said interlocutory judgment makes any provision for alimony or the custody and support of children, said provision be and the same is hereby made binding on the parties affected thereby the same as if herein set forth in full.''

On February 16, 1949, an order to show cause was taken out by the respondent husband seeking a modification of the provisions relating to the support of the appellant wife and the minor child. The alleged grounds for the modification, as stated in the husband's affidavit were that the order in question ''was based upon a property settlement Agreement . . . dated October 17, 1945. At that time the wife had no independent income whatsoever and the husband's income was approximately $500.00 per month. At the present time Olive H. Warren is regularly employed as a school teacher . . . at a salary of $300.00 per month. At the present time John C. Warren's income has been substantially reduced and at the present time is in the gross amount of $350.00 per month.'' The affidavit also set up the fact that the husband was ''delinquent in payments for the support of . . . (the son) in the amount of $500.00,'' and delinquent in payment for support of the wife in the sum of $4,800. The court was requested to modify the order to provide payment of only $75 for support of the child; $1.00 per month for support of the wife, and to require the husband to pay $25 per month for the purpose of reducing ''the amount now delinquent for alimony and support.''

At the hearing on the order to show cause, the appellant's attorney ''objected to the consideration of any evidence on the ground that the order could not be modified until after September 1, 1955, pursuant to the provisions of the interlocutory judgment and the property settlement agreement.'' The trial court nevertheless permitted introduction of the husband's testimony, took the matter under submission, and on March 28, 1949, ordered modification.

The minute order in respect to modification was as follows:

''Defendant will pay to the plaintiff for the support of the minor child $100.00 per month and will pay as alimony to the plaintiff, the sum of $1.00 per month; payments to be made on the same days as heretofore ordered. Defendant is found in contempt of court and is sentenced to five days in the county jail. Sentence is suspended on the condition that the defendant pay to plaintiff $50.00 per month on the sum now delinquent until said arrearage is paid in full, payable on the 1st day of each month, commencing April 1, 1949.''

■ As set forth in appellant's brief, the contention is that "Where provision in the interlocutory divorce decree awarding the wife money for her support and maintenance as a part of the division of the community property was predicated on a written property settlement of the parties, which had been approved by the trial court, the agreement is binding on the court in the absence of fraud, duress, undue influence, violation of the confidential relation or other circumstances showing the agreement to be inequitable and such provision for the support and maintenance of the wife cannot be modified by the court without the consent of the parties."

The quoted language above is taken verbatim from the case of *Holloway* v. *Holloway,* 79 Cal.App.2d 44 [179 P.2d 22]. In that case the appeal was from the trial court's refusal to modify the provisions of an interlocutory judgment ordering the defendant husband to pay $35 per month to the wife for her support until her death or remarriage. The appellate court, citing *Hough* v. *Hough,* 26 Cal.2d 605 [160 P.2d 15], and *Adams* v. *Adams,* 29 Cal.2d 621 [177 P.2d 265], affirmed the order refusing modification and held that the trial court was without jurisdiction to modify such provisions of an interlocutory judgment predicated on a written property settlement approved by the court.

The Holloway decision, factually similar to the present situation, constitutes direct authority in support of appellant's contention that the trial court was without jurisdiction to modify the judgment previously rendered. In executing the written property settlement agreement, husband and wife were each represented by competent attorneys. The results of the contractual negotiations as merged in the written agreement were thereafter, with full acquiescence of the parties and approval of the trial court, incorporated in an interlocutory judgment of divorce. These provisions were in turn incorporated by reference in the final judgment. The husband and wife had, among other things, agreed that there should be no modification of the monthly payments to the wife prior to September 1, 1955, and this like the other provisions, was duly incorporated in the judgment.

The record fails to show any fraud, duress or other inequitable circumstances. In this situation, and under authority of the cases cited, a reversal is called for. The sanction of judicial interference with a property settlement agreement approved by the court, so as to reduce the amount of the wife's payments,

would alike undermine the obligations of contract and of judgment.

The order appealed from is reversed.

White, P. J., and Drapeau, J., concurred.